COMMONWEALTH *vs.* CHARLES I. BICKUM.

Essex.    February 2, 1891. — February 27, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Complaint — Joint Trial — Evidence.*

Two complaints against the same defendant, one for keeping a common nuisance, to wit, a tenement used for the illegal sale and keeping of intoxicating liquors from February 1 to May 23, 1890, and the other for a single illegal sale of the same on July 31 following, cannot, against his objection, be tried together.

At the trial of a complaint for the illegal sale of intoxicating liquors on July 31, the testimony of the person making the purchase on that day that he was refused liquor by the defendant on August 2 following, is inadmissible.

Two COMPLAINTS against the defendant, to the Police Court of Haverhill, one for keeping a common nuisance from February 1 to May 23, 1890, and the other for an illegal sale of intoxicating liquor on July 31 following.    The cases were tried together in the Superior Court, on appeal, before *Sherman,* J., and, after a verdict of guilty in each case, the defendant alleged exceptions, which appear in the opinion.

*B. F. Brickett & C. H. Poor,* for the defendant.

*A. E. Pillsbury,* Attorney General, for the Commonwealth.

FIELD, C. J.    The first complaint was received and sworn to on May 23, 1890, and charged the defendant with maintaining at Haverhill a certain tenement, used for the illegal sale and illegal keeping of intoxicating liquors " on the first day of February, in the year of our Lord eighteen hundred and ninety, and on divers other days and times between that day and the day of making this complaint."    The second complaint was received and sworn to on August 4, 1890, and charged the defendant with unlawfully selling at Haverhill intoxicating liquors " on the thirty-first day of July, in the year of our Lord eighteen hundred and ninety."    The first exception was waived.    See *Commonwealth* v. *O'Brien,* 152 Mass. 495.    The next exception is, that the two complaints were tried together in the Superior Court, against the objection of the defendant.    The two offences might have been joined in one complaint or indictment.    *Commonwealth* v. *McCluskey,* 123 Mass. 401.    *Commonwealth* v. *Ismahl,* 134 Mass. 201.    *Commonwealth* v. *Mullen,* 150 Mass. 394.    If, however, the first complaint in this case had contained a count charging the offence described in the second, then no conviction could have been had on that count, but both offences might have been described in separate counts in the second complaint.    *Commonwealth* v. *Doyle,* 110 Mass. 103.    *Commonwealth* v. *Le Clair,* 147 Mass. 539.

The Attorney General has cited no precedent in this Commonwealth for the practice adopted in this case.    He cites 1 Bish. Crim. Proc. (2d ed.) § 1042 *et seq.*    The only case there cited which seems to us to require notice is *Withers* v. *Commonwealth,* 5 S. & R. 59.    In that case two indictments against the same defendant, each for conspiracy and cheating, had been tried together without his consent.    The authorities cited in the

argument in that case relate to the joinder of counts in an indictment. It was held that there was no error, as it was a matter of discretion in the court where the trial was had. In the opinion, Gibson, J. says : " I have found no case exactly like the present; but there is a strong analogy between it and those in which several counts for separate and distinct offences are included in the same indictment." In North Carolina it seems that separate indictments against the same defendant, relating to the same transaction or offence, are regarded as separate counts in one bill. *State* v. *Watts,* 82 N. C. 656. *State* v. *Brown,* 95 N. C. 685. *State* v. *Johnson,* 5 Jones, (N. C.) 221.

We are not, however, disposed to adopt new methods of procedure in criminal cases, because they are more or less analogous to existing methods. The practice contended for in the present case might often prejudice a defendant, and, if once adopted, it would be exceedingly difficult to regulate it with a proper regard for his rights. We think that this exception must be sustained.

The testimony of Rogers, who testified to making the purchase on July 31, that he was refused liquor on the 2d of August following, was rightly rejected. *Exceptions sustained.*