COMMONWEALTH *vs.* MORRIS ROSENTHAL.

Middlesex.    November 20, 1911. — February 26, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, SHELDON, &
DeCOURCY, JJ.

*Practice, Criminal,* Trial for two offenses.

A trial judge in his discretion may require that a defendant, against his objection,
shall be tried at one time upon two indictments, one under R. L. c. 212, § 2, as
amended by St. 1910, c. 424, § 1, charging him with enticing away a certain girl
on a certain day for the purpose of unlawful sexual intercourse, and the other
under R. L. c. 212, § 10, charging him with committing adultery with the same
girl at the same place on the same day.

The rule of *Commonwealth* v. *Bickum,* 153 Mass. 386, that a defendant, against his
objection, cannot be tried at one time upon two separate complaints charging
two distinct crimes committed at different times, is not to be extended.

Two INDICTMENTS, each in two counts, found and returned in
March, 1911, one under R. L. c. 212, § 2, as amended by St. 1910,
c. 424, § 1, for abduction and the other under R. L. c. 212, § 10,
for adultery.

The first indictment in the first count charged that the defendant
on January 23, 1911, at Malden did fraudulently and deceitfully
entice and take away one Esther E. Anderson, a girl between seven-
teen and nineteen years of age, from her place of abode in Boston
for the purpose of unlawful sexual intercourse with her in a house
on a certain street in Malden in a room hired by the defendant
for that purpose. The second count made the same charges against
the defendant in regard to one Clementine Charland.

The second indictment in the first count charged that the
defendant, a married man, on January 23, 1911, at Malden did
commit adultery with one Esther E. Anderson. The second count
made the same charge against the defendant in regard to one
Clementine Charland.

In the Superior Court the cases were tried before *Dana,* J. When
the cases were called for trial, the district attorney proposed to
try the defendant upon both indictments together. The defendant
promptly objected to such a trial and insisted upon his right to
be tried separately upon each indictment, denying the right of
the court to try him upon both indictments together.

The judge ruled that he had discretionary power to order a trial of the defendant upon both indictments at one time, and ordered such a trial. The defendant excepted.

Thereupon the defendant was tried upon both indictments at the same time. The jury acquitted him upon both counts of the indictment charging him with abduction, and returned a verdict of guilty upon both counts of the indictment charging him with adultery. The defendant alleged exceptions, presenting only the question stated above.

*E. Greenhood,* for the defendant.

*J. J. Higgins,* District Attorney, for the Commonwealth, submitted a brief.

RUGG, C. J. It is well settled that a defendant may be charged with divers and distinct offenses, whether felonies or misdemeanors, of a kindred nature, and liable to punishments of the same general character, by several counts in the same indictment or complaint. *Commonwealth* v. *Mullen,* 150 Mass. 394. *Castro* v. *The Queen,* 6 App. Cas. 229. It has been decided also that two persons separately indicted for the same offense may be tried together. *Commonwealth* v. *Seeley,* 167 Mass. 163. It was held in *Commonwealth* v. *Bickum,* 153 Mass. 386, that a defendant against his objection could not be tried at one time upon two separate complaints charging two distinct crimes committed at different times. To this same effect see *McClellan* v. *State,* 32 Ark. 609. None of these decisions quite reach the point presented by the case at bar. Broadly stated, that point is whether two indictments founded upon substantially one transaction provable largely by the same evidence can be tried together against one defendant. Concretely, it is whether a defendant against his protest may be tried at one time upon two separate indictments, one charging abduction of a girl between seventeen and nineteen years of age, for the purpose of unlawful sexual intercourse (R. L. c. 212, § 2, as amended by St. 1910, c. 424, § 1) and the other charging adultery with the same girl. Each of the offenses named is a felony, being punishable by imprisonment in the State prison. R. L. c. 215, § 1. The general nature of the two offenses is the same, namely, unlawful sexual relations. The enticing away of the girl from home or elsewhere by a married man is but a preliminary step in the accomplishment of the ultimate design. The evidence which

would support the two charges would be similar in character. The mode of trial is the same. The circumstances that the statute of limitations is less as to abduction and a greater burden of evidence is required for conviction of it (R. L. c. 212, § 7) do not differentiate the two crimes in that respect. Nor do the facts that an unmarried man might be found guilty of one offense while only a married man could commit the other upon the allegation of the indictment, or that an element of fraud might enter into one and not into the other crime constitute vital differences. The two offenses might have been joined by several counts on one indictment. In the case at bar the offense, whatever it might be found to be, grew out of the same acts. The same evidence would be required in substance to prove each crime, although less would suffice to convict of one than the other. Where the essential elements of the conduct which may constitute two distinct crimes are the same and to be proved in large part by the same evidence, and where the indictment might have been drawn legally so as to include both crimes, no right of the defendant secured to him by the law as matter of right is violated by compelling a joint trial of both indictments in the exercise of a sound judicial discretion.

The rule of *Commonwealth* v. *Bickum,* 153 Mass. 386, does not prevail generally. *State* v. *Johnson,* 50 N. C. 221, *State* v. *Watts,* 82 N. C. 656, and *Withers* v. *Commonwealth,* 5 Serg. & R. 59, are referred to in that opinion. See also *State* v. *Lee,* 114 N. C. 844. The contrary practice is established by statute in some jurisdictions. *Williams* v. *United States,* 168 U. S. 382, 390. *Short* v. *People,* 27 Col. 175. In *Logan* v. *United States,* 144 U. S. 263, decided after *Commonwealth* v. *Bickum,* it was said by Mr. Justice Gray, at 296, that different indictments "might perhaps have been ordered, in the discretion of the court, to be tried together, independently of any statute upon the ·subject. See *Ex parte Yarbrough,* 110 U. S. 651, 655; *United States* v. *Marchant,* 12 Wheat. 480." In *Brown* v. *United States,* 74 C. C. A. 214, 220, 221, it was said by Judge Van Devanter that the indictments "were merely tried together as separate indictments to avoid unnecessary delay and expense, in the interest of both the government and the defendants. . . . The court was invested with a discretion to direct that the indictments be thus tried together independently of any statute upon the subject." In *Cummins* v. *People,* 4 Col.

App. 71, 74, it was said that a statute authorizing the trial at the same time of two or more indictments charging connected or kindred offenses was "but an embodiment of a well established principle of the common law." See also *People* v. *Jacobson,* 247 Ill. 394, 397.

The logic of *Commonwealth* v. *Bickum,* 153 Mass. 386, did not obtain in *Commonwealth* v. *Miller,* 150 Mass. 69, where two, jointly complained of in the district court in two counts with having received different stolen goods at different times, one being found guilty on both counts and the other acquitted on the first and found guilty on the second count, on the appeal of both separate trials were refused in the Superior Court, although the result was that two defendants were tried together, one charged with two distinct offenses and the other with one offense only. An inexorable application of the logic of *Commonwealth* v. *Bickum,* 153 Mass. 386, might include this case. But this court has refused to approve its logic in cases where substantial justice does not require it, and where no substantive right of a defendant has been invaded. In *Commonwealth* v. *Seeley,* 167 Mass. 163, although no precedent therefor was found, it was held that two persons separately indicted for an offense committed jointly might be tried together. The incident under inquiry was made there the basis of trial rather than the number of indictments. That principle is controlling in the present case, where the indictments were founded upon what was in substance a single criminal course of conduct.

Without impairing the authority of *Commonwealth* v. *Bickum* as to cases exactly covered by it, we are not inclined to extend its doctrine. Not infrequently it may be uncertain at the time of action by the grand jury precisely what crime a defendant has committed. Larceny, embezzlement, and obtaining property by false pretenses are closely interwoven, and the distinctions between them not infrequently involve extreme technicality. Before the adoption of the act simplifying criminal pleading, miscarriages of justice have resulted from mistakes in perceiving the differences between them. See *Commonwealth* v. *King,* 202 Mass. 379, 388; *Commonwealth* v. *Althause,* 207 Mass. 32, 46. Some difficulties in this regard perhaps may survive. Other illustrations might be given to show the perplexity of determining in advance of trial the exact crime which the evidence may prove, although acts

committed may be reasonably certain. No sound reason can be given why several indictments charging different crimes arising out of a single chain of circumstances should not be tried together. Where several offenses might have been joined in one indictment, and would be proved by substantially the same evidence, or evidence connected with a single line of conduct, and grow out of what is essentially one transaction, and where it does not appear that any real right of the defendant has been jeopardized, it would be a refinement not demanded by the law or by justice to require in all instances a separate trial, simply because separate indictments had been found for each offense. The interests of the public and the rights of the defendant will be better subserved in general by permitting as matter of law a single trial under such conditions, leaving it to the sound discretion of the trial court to order separate trials when the rights of either the Commonwealth or of the defendant appear to require it. There is nothing in the case at bar to indicate that such discretion was not exercised wisely. All the justices are agreed in this result but a minority prefer to reach it by overruling *Commonwealth* v. *Bickum,* 153 Mass. 386.

*Exceptions overruled.*