HENRY BULLARD

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

Rehearing Denied April 5, 1961.

VERNON NEAL, Cookeville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

Bullard appeals from a conviction (1) upon an indictment charging a violation of the Bad Check Law with punishment fixed at 90 days in jail and (2) upon an indictment charging public drunkenness with punishment fixed at a fine of $10 and a suspended sentence of 60 days in the workhouse upon payment of the fine and costs.

There is no bill of exceptions. There is, however, in the technical record a minute identifying the aforementioned bad check and public drunkenness indictments and another public drunkenness indictment which does not appear in the record, and as to which the action of the jury is not shown. This order recites this:

"These three cases were ordered by the Court to be tried together at the same time before the same jury, over the objection of the defendant's counsel. The defendant was found guilty in the bad check case, TCA 39-1904; and guilty in one Public Drunkenness case.

"This was done at the time of trial of these cases and should have been entered at that time, but is entered now for then."

Apparently the defendant was acquitted as to the second public drunkenness indictment or there was a mistrial.

The brief filed in this Court recites that no bill of exceptions was filed ''because said defendant feels that the technical record * * * showing these cases were tried together over the objection of the defendant is sufficient to show error in permitting said cases which the technical record shows arose on different dates to be considered over the objection of the defendant''. This action of the Trial Court was made a ground of the motion for a new trial and is in this Court the only error assigned.

The position of plaintiff-in-error is necessarily that the Court erred in ordering, over his objection, these three indictments consolidated and tried together, though the indictments upon their face show by their dates and the nature of the charges that they are for distinct offenses not provable by the same evidence, and in no sense resulting from the same series of acts.

Since the second mentioned public drunkenness indictment is not in the record, this Court cannot have even an idea as to whether that alleged drunkenness resulted from the same series of acts as resulted in the public drunkenness indictment upon which he was convicted. That alleged indictment and its consolidation with the other two indictments for trial will not be further noticed in the discussion of the merits of the plaintiff-in-error's contention.

The brief submitted in behalf of Bullard cites no authorities in support of his insistence that the aforementioned action of the Court was error. Counsel, writing that brief, says that he ''feels'' that this action was error. Such a reaction to such not usual trial procedure is understandable.

That line of cases wherein it is held permissible for a single indictment to contain separate counts charging dif-

ferent degrees of the same offense are not in point, notwithstanding the fact that each count of an indictment is regarded in law as being a separate indictment. That rule is not in point because the separate counts contained in the single indictment vary only in degree as to the offense charged, and resulted from a same series of acts and are provable by the same evidence.

The case of *McElroy v. United States,* 164 U.S. 76, 17 S.Ct. 31, 33, 41 L.Ed. 355, 357, was a case wherein two separate felonies in no way connected with each other were consolidated for trial. The Court in holding this to be error said:

"While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained where the parties are not the same, and where the offenses are in nowise parts of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them."

There is the Alabama case of *Lucas v. State of Alabara,* 144 Ala. 63, 39 So. 821, on page 822, 3 L.R.A.,N.S., 412, on page 415, wherein the Court says by way of dictum, this:

"While the court would have had no authority, against the objection of the defendant, to consolidate separate cases pending against the defendant, yet, as the record affirmatively shows it was done at the instance and request of the defendant, he cannot now be

heard to complain at the action of the court which was superinduced by him.''

There is in 59 A.L.R.2d commencing at page 843, an extensive annotation upon the question of when it is permissible, over the defendant's objection, to consolidate for single trial two or more indictments charging the defendant with unrelated offenses committed at separate times, and wherein the evidence with reference to the commission, or not, of one of the offenses charged is entirely different from the evidence of the commission, or not, of the other offense charged. This opinion is concerned only with those annotations therein where no statute authorizing such consolidation exists. Such is the situation in the case at hand.

There is a minority view to the effect that such consolidation is not permissible. The Massachusetts case of *Commonwealth v. Bickum,* 153 Mass. 386, 26 N.E. 1003, as annotated on page 859, states that the reason for this minority rule is that ''the practice contended for * * * might often prejudice the defendant, and, if once adopted, it would be exceedingly difficult to regulate it with a proper regard for his (defendant's) rights''. It cannot be gainsaid that there is considerable force in this statement.

The majority view, according to the text of this annotation, at page 845, and citing numerous cases in support, is to this effect:

''In any case, the propriety of trying together separate indictments or informations against the same accused over his objection rests in the sound discretion of the trial court, which has the obligation to safeguard not only the rights of the government but also of the

accused and to see that such rights are not jeopardized.''

Applying this principle in the Pennsylvania case of *Commonwealth v. Tracey,* 137 Pa.Super 221, 8 A.2d 662, annotated at page 853, the Court was confronted with this question of whether there was error as a matter of law in the consolidation for trial of an indictment charging robbery and of an indictment charging assault and battery. In upholding the action of the Trial Court in consolidating, the Court according to the annotation, said that:

''* * * was unable to agree that the testimony of a misdemeanor, rising little higher than reckless negligence in the operation of an automobile not imputing moral turpitude, in any way affected the rights of the defendant to his prejudice on the trial of the felony charges.''

Apropos here, this Court is unable to perceive how the testimony of the particular misdemeanor charged (public drunkenness) generally rising little above a petty misdemeanor presented in the same case as the testimony for the giving of the worthless check upon an entirely different date could have affected the rights of defendant, Bullard, to his prejudice with reference to the deliberation of the jury as to his guilt on the worthless check charge, or vice versa as to his guilt of the public drunkenness charge.

Considering the nature of the separate charge in the separate indictments and particularly with reference to the point made in the immediately preceding paragraph, this Court thinks that to reverse this case because of the consolidation of the two indictments for trial would be

at the unjustified expense of that healthy and well-established rule that:

"This court would not, except in a clear case requiring its intervention, interfere with the exercise of the discretion of the inferior judges as to the manner of conducting the business of their courts. They may make rules for the more speedy or satisfactory disposition of business before them, and no doubt would not adopt a rule that would prejudice parties, nor adhere to one which, from experience, might be found to delay rather than expedite the dispatch of the business of the Court." *Foute v. State,* 15 Lea 712, 83 Tenn. 712, 719-720.

Affirmed.