John R. Bruce

*v.*

State of Tennessee.

378 S. W. 2d 758

(*Jackson,* April Term, 1964.)

Opinion filed May 8, 1964.

Edward K. Nixon, Beverly Ray Owens, Memphis, for plaintiff in error.

George F. McCanless, Attorney General, Walker T. Tipton, Assistant Attorney General, for the State.

Mr. Justice Dyer delivered the opinion of the Court.

The defendant was put to trial upon two separate indictments. One indictment, involving the alleged theft of an automobile in February 1962, charged larceny and receiving stolen property. The other indictment charged assault and battery alleging defendant in May 1962 did unlawfully make an assault upon the body of Bill Scoggins using his hands and fists. Upon close of the State's proof the Trial Judge instructed the jury to return a verdict of not guilty under the assault and battery indictment, which verdict the jury returned. The jury found defendant guilty of receiving stolen property sentencing him to three years in the State Penitentiary.

This action of the Trial Judge requiring defendant, over his objection, to stand trial before the same jury upon two indictments charging separate and distinct crimes, not arising out of the same or related acts nor provable by the same evidence, is assigned as error.

The matter of consolidating separate indictments for trial is procedural and generally this is a matter within the discretion of the trial court.

The State cites the recent case of *Bullard v. State,* 208 Tenn. 641, 348 S.W.2d 303. In the Bullard case the trial court ordered, over objection of defendant, two indictments consolidated for trial, one charging violation of the bad check law and the other public drunkenness. These indictments charged separate crimes not arising

out of the same or related facts nor were they provable by the same evidence. This Court in affirming this case did no more than apply the harmless error rule. Section 27-117, T.C.A. The State admits in their brief such was the holding in the Bullard case and insists the case at bar should be affirmed for the same reason.

We have not been cited nor have we been able to find any Tennessee case holding directly on the question at issue here. Mr. Justice Tomlinson in *Bullard v. State,* supra, discussed at some length the issue involved here and stated the majority view as given in 59 A.L.R.2d beginning at page 843, as follows:

"In any case, the propriety of trying together separate indictments or informations against the same accused over his objection rests in the sound discretion of the trial court, which has the obligation to safeguard not only the rights of the government but also of the accused and to see that such rights are not jeopardized." 208 Tenn. 645, 348 S.W.2d 305.

Mr. Justice Tomlinson stated the minority view in the following language:

"There is a minority view to the effect that such consolidation is not permissible. The Massachusetts case of *Commonwealth v. Bickum,* 153 Mass. 386, 26 N.E. 1003 [59 A.L.R.2d], as annotated on page 859, states that the reason for this minority rule is that 'the practice contended for * * * might often prejudice the defendant, and, if once adopted, it would be exceedingly difficult to regulate it with a proper regard for his (defendant's) rights'. It cannot be gainsaid that there is considerable force in this statement." 208 Tenn. 645, 348 S.W.2d 305.

In 23 C.J.S. Criminal Law sec. 931 we find the following statement:

"Ordinarily consolidation for trial or refusal to order a severance or separate trial is permissible or proper where the offenses charged are similar, related, or connected, or are of the same or similar character or class, or involve or arose out of the same or related or connected acts, occurrences, transactions, series of events, or chain of circumstances, or are based on acts of transactions constituting parts of a common scheme or plan, or are of the same pattern and committed in the same manner, or where there is a common element of substantial importance in their commission, or where the same, or much the same, evidence will be competent and admissible or required in their prosecution, and if not joined for trial the repetition or reproduction of substantially the same testimony will be required on each trial.

The above quote from C.J.S. lists seven groups or sets of circumstances wherein consolidation is generally permissible. In each of these there is some connecting link between the indictments to be consolidated. In the recent case of *Hardin v. State,* 210 Tenn. 116, 355 S.W.2d 105 this Court speaking through Chief Justice Burnett applied one of these groups in holding the two indictments in this case could be consolidated, since they grew out of the same transactions.

The saving of time and expense are the two compelling reasons favoring the consolidation of indictments for trial. It is in the public interest for the work of the courts to be expedited, at as reasonable expense, as possible.

These desirable ends must be counter-balanced against the damages of prejudice to the defendant.

This decision to consolidate indictments will of necessity have to be made at the beginning of the trial, when the court will have only the knowledge of the charges contained in the separate indictments, and will be in the dark as to just what the evidence in either case will be. To be required to render a judgment, under such circumstances, that a defendant will not be prejudiced by going to trial before the same jury on two or more separate indictments would be most difficult. We agree with the minority opinion given in A.L.R.2d supra, that such practice might often prejudice the defendant and would be difficult to regulate.

The case at bar does not fall into any of the seven groups listed in 23 C.J.S., supra and such being the case the Trial Judge was in error in consolidating these indictments over the objection of defendant.

Reversed and remanded.