STATE OF TENNESSEE ex rel. Bennett Gann

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary.

425 S.W.2d 616.

(*Nashville,* December Term, 1967.)

Opinion filed March 8, 1968.

J. H. RENEAU, III, Celina, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for defendant in error.

BAXTER KEY, JR., District Attorney General, Carthage, prosecuted case in trial court.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

In this habeas corpus case the petitioner correctly states that "there are two questions now before the Court. The first question is—Was error committed and was the defendant prejudiced by having one jury hear and determine at the same time the issues in both cases?; and, if the foregoing question is answered in the affirmative, the second question is—Did the Defendant waive his right to object to the cases being heard by one and the same jury?"

This appeal is from the denial, after an evidentiary hearing, of a petition for the writ of habeas corpus which was heard in the Criminal Court of Jackson County after the case had been transferred from the Criminal Court of

Davidson County where it was originally filed pursuant to statute.

The petitioner was indicted for the offense of first degree murder, said indictment being numbered 1595 and for assault with intent to commit murder in the first degree, said indictment being numbered 1594. The trial was had on these two indictments on November 5 and 6, 1963, before a jury and a verdict of guilty of murder in the second degree was returned in case No. 1595 and a verdict of not guilty was returned in case No. 1594. The sentence was fixed at fifteen (15) years in the State penitentiary, from which sentence an appeal was seasonably perfected to this Court wherein the judgment below was affirmed by a reported opinion, *Gann v. State,* 214 Tenn. 711, 383 S.W.2d 32.

In the petition subsequently filed for the writ of habeas corpus, the petitioner alleges that it was prejudicial error for the two offenses to be tried at the same time and before the same jury, and that by trying the cases in this way he was denied his right to a fair and impartial jury. He likewise says that his retained counsel did not inform him of his right to sever the charges and since the charges were not severed counsel was unable to devote sufficient time to the defense of the case in which he was convicted. He likewise says that counsel in the case, in which he was convicted and which was appealed, did not raise the question of severance on appeal to this Court and therefore he did not receive effective assistance of counsel. He says, too, that he did not receive adequate and effective assistance in his appeal to this Court. He later filed an amended petition asking that the allegation relative to the incompetency of his counsel be withdrawn and reasserting the consolidation ground. His motion for with-

drawal of his reference to incompetency of counsel was denied, and an evidentiary hearing was had, after which the trial judge wrote an excellent memorandum opinion in which he denied the petition for the writ of habeas corpus of the petitioner.

The trial judge found that the trial of the two cases at the same time and before the same jury was "not on the Court's motion, but upon the request or suggestion of the defendant's counsel. The petitioner himself, in Paragraph IV of his original petition stated:

" 'Mr. Maddux and the trial Court placed the petitioner on trial for two very serious and separate offenses at the same time before the same jury.' "

The trial court also says that there was a notation on his trial docket at the time showing that these two cases were put to trial by agreement of the petitioner.

The trial judge then goes on to say in reference to the ability of petitioner's self-employed counsel, Mr. Maddux, and his partner, that they both "are known and recognized as eminent, able, learned and zealous lawyers." Mr. Jared Maddux has been State Chairman of the American Legion as well as Lieutenant Governor of the State and has served admirably in a number of very hard cases and tried them well as this Court is willing and able to testify. He knows what he is doing. The trial judge also quotes from the reported opinion of this Court, supra, that: "At this time, the defendant fired several more shots, wounding Robert Richardson and fatally wounding Frank Richardson." These two men were the ones Gann was indicted for killing and wounding in these two indictments which were tried together.

The petitioner testified in this evidentiary hearing that he did not know that the cases were to be consolidated and he did not agree or authorize the consolidation. He admitted that the defenses grew out of the same transaction and that the instances happened at the same time and at the same place; that the witnesses including his witnesses, were the same in both cases.

█ Under such a situation and the finding of the trial judge as to how these cases were tried, that is by agreement, such a finding is upon facts and unless this Court is able to find that the evidence preponderates against such judgment such a complaint is without merit. *State ex rel. Hall v. Meadows,* 215 Tenn. 668, 389 S.W.2d 256. We in this Court, obviously and naturally when the case has been thus heard on a petition for habeas corpus, must pay great deference to the trial judge's decision as to the credibility of witnesses whom he saw and heard testify. *State ex rel. Johnson v. Mainard,* 188 Tenn. 501, 221 S.W.2d 531. These same rules apply in Federal habeas corpus cases. *Gray v. Johnson,* 5 Cir., 354 F.2d 986, cert. den. 383 U.S. 961, 86 S.Ct. 1232, 16 L.Ed.2d 304.

█ The relevant rules with regard to consolidation for trial of two or more indictments are well stated in 5 Wharton's Criminal Law and Procedure, sec. 1942; 23 C.J.S. Criminal Law sec. 931, and Annotation 59 A.L.R.2d 841, as follows:

"Several indictments against the same defendant or defendants charging related offenses may be consolidated for the purpose of trial. It is immaterial that one of the offenses charged is a felony and the other a misdemeanor.

"Whether the indictments should be consolidated for trial is discretionary with the trial court. While consolidation will be refused when the defendant would be prejudiced thereby, his unsupported statement is insufficient to establish that joint trial of several charges would be prejudicial." 5 Wharton, Criminal Law and Procedure, sec. 1942.

"Ordinarily consolidation for trial or refusal to order a severance or separate trial is permissible or proper where the offenses charged are similar, related, or connected, or are of the same or similar character or class, or involve or arose out of the same or related or connected acts, occurrences, transactions, series of events, or chain of circumstances, or are based on acts or transactions constituting parts of a common scheme or plan, or are of the same patterns and committed in the same manner, or where there is a common element of substantial importance in this commission, or where the same, or much the same, required in their prosecution, and if not joined for trial the repetition or reproduction of substantially the same testimony will be required on each trial." 23 C.J.S. Criminal Law sec. 931.

We have recognized and applied these rules in a number of cases, such as *Bruce v. State,* 213 Tenn. 666, 378 S.W.2d 758; *Epstein v. State,* 211 Tenn. 633, 366 S.W.2d 914; *Hardin v. State,* 210 Tenn. 116, 355 S.W.2d 105; and *Bullard v. State,* 208 Tenn. 641, 348 S.W.2d 303.

In *Bruce v. State,* supra, we applied these rules and reversed because we thought under the facts there presented that the two indictments should not have been consolidated. Under the facts presented in each of the

other cases we have refused to reverse because we thought for the reasons quoted above that the cases were proper cases to be tried together. On September 15th of this year we dealt with the exact question here presented in an unpublished opinion of *State ex rel. Compton v. Russell,* which was prepared by the writer of the present opinion. Certain paragraphs of that opinion are applicable herein. wherein we said:

"The case now before us is entirely different from those cases relied upon by the petitioner, such as *Burke v. McKenzie* (Okl.) 313 P.2d 1090; *Brumfield v. Commonwealth* (Ky.) 374 S.W.2d 499; *Sullivan v. Commonwealth,* 304 Ky. 783, 202 S.W.2d [620], 621; and our case of *Apperson v. Logwood, Admr.,* 59 Tenn. 262. In most of these cases a state of facts was presented where a man was tried by one jury and then immediately after that trial and conviction he was called up on another case and part of the same jury that tried him in the other trial was involved in the second trial wherein the facts probably in the first trial had some connection with the second trial, and where he was guilty in the first trial it would make him guilty in the second trial and things of the kind. Those cases are not at all comparable with the situation here. In the present case the man was tried on both offenses at the same time. The jury had not heard either and knew nothing about either case, but on the petitioner's own theory that he robbed a man on the outside and then walked inside and killed a man the incidents were so close together and there were the same witnesses in both, as well as some other witnesses to the murder, and it was perfectly natural and logical to try him for the two offenses together. We cannot see the slightest

bit of harm that could have been done herein. The record does not show, as we have said before, that any objection was made and neither does the petitioner make any contention that any objection was made known to the court at the time these cases were thus tried.''

In the instant case there is no showing at all that an objection was made to the consolidation of these indictments by retained counsel, nor is there a showing that any motion for a severance of the causes was offered. Contrarily, it appears that consolidation way by agreement of counsel. The record is clear that the offenses for which the petitioner was indicted arose out of the same circumstances, occurred at the same time and the same witnesses were offered for each.

■ There is no question but that the petitioner here was represented by retained counsel, and counsel who knew exactly what they were doing. This being true, what these counsel did for this man was binding on this petitioner in the absence of an objection made to the court, and actions by these counsel are not attributable to the State. *State ex rel. Johnson v. Heer,* 219 Tenn., 604, 412 S.W.2d 218, 219.

There is absolutely no contention that the court knew of petitioner's objection. See *Cruzado v. People of Puerto Rico,* 1 Cir., 210 F.2d 789, 791; *Tompsett v. State of Ohio,* 6 Cir., 146 F.2d 95, 98, cert. den. 324 U.S. 869, 65 S.Ct. 916, 89 L.Ed. 1424.

The trial court found:

''This Court is of the opinion that the defendant, Bennett Gann, having selected eminent counsel named above, is bound by the action of his counsel concerning

the strategy and procedure to be followed in presenting his defense before the Court and the jury.''

The trial court then in its memorandum opinion cites cases from other states supporting this statement. He quotes from *DeBruler v. State*, 210 N.E.2d 666 (Indiana), to the effect that:

''A defendant, [whether rich or poor,] is bound by the acts of his counsel in the trial of a cause. There could be no legal process worth the name of a judicial proceeding were it otherwise. So long as counsel is competent clients must either choose to represent themselves or be represented by an attorney skilled in such proceedings. They cannot have their cake and eat it. They cannot take the benefits of counsel's services if they win and then reject the services if they lose.''

The court also quotes from *Dascenzo v. State*, 26 Wis. 2d 225, 132 N.W.2d 231, as follows:

''The defendant cannot complain when he sits by and does nothing when his counsel waives a twelve man jury and stipulates to six.''

The trial court also quotes from the Texas court in *Royal v. State*, Tex.Cr.App., 391 S.W.2d 410, thus:

''Failure to object to joint trial on two informations waives right to separate trials.''

After carefully reading this record we are convinced that petitioner was ably represented by counsel and was not prejudiced by the consolidation. The petitioner was convicted upon an offense of a lesser degree than that charged and was acquitted on the second offense. Counsel thereafter perfected an appeal from this conviction to which we have heretofore referred. It thus seems to us

from what we have said above about the primary issue herein of consolidation that the reliance of the petitioner on cases wherein an issue was trial by an impartial jury is misplaced as we said in *State ex rel. Compton v. Russell,* supra:

> "It seems to us after reading this record and the briefs herein that the primary issue is one of consolidation and that reliance on cases wherein the issue was trial by an impartial jury is misplaced. In *Warden v. State,* 214 Tenn. 398, 381 S.W.2d 247, we addressed ourselves to the question of trial by an impartial jury. This may be seen without restating it. See also annotation, 'Juror—Disqualification—Criminal Case', 6 A.L.R.3d 519. It is perfectly plain to us that under the facts presented in the case now before us only one jury was empaneled and that petitioner was his sole witness in both cases, and that under the facts these cases are entirely distinguishable from those referred to and offered by the petitioner."

It results that we find no constitutional violation herein and that the decision of the lower court must be, and is, affirmed.