LEON BURUM, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. May 5, 1969.

Certiorari Denied by Supreme Court Sept. 15, 1969.

Edgar R. Bowers, Rockwood, for plantiff in error.

George F. McCanless, Atty. Gen., Robert F. Hedgepath, Asst. Atty. Gen., Nashville, James P. Watkins, Dist. Atty. Gen., Loudon, for defendant in error.

## OPINION

OLIVER, Judge.

Leon Burum, the plaintiff in error here and defendant

below, indigent and represented by court-appointed counsel, was convicted in the Criminal Court of Roane County of receiving and concealing stolen property and was sentenced to serve not less than three nor more than five years in the State Penitentiary. His motion for a new trial being overruled, he prayed and was granted and has perfected an appeal in the nature of a writ of error to this Court.

The indictment was in three counts. The first charged the defendant with breaking and entering the dwelling house of John H. Johnson in the nighttime with intent to commit larceny. In the second count he was charged with stealing Johnson's television, record player, watch, and money, of the aggregate value of $250. The third count, upon which the defendant was convicted, charged him with receiving and concealing the same property and alleged that it had been stolen and that he knew it had been stolen from Johnson.

The jury acquitted the defendant under a separate three-count indictment in which he was charged with the third degree burglary of a business house belonging to Robert Justice, with larceny of property therein which belonged to Justice, and with receiving and concealing the same property.

In his motion for a new trial and by his third Assignment of Error here the defendant complains of the action of the trial court in consolidating the two cases for trial and overruling his motion for a separate trial of this case made at the outset. The defendant's motion alleged, and the record shows, that separate attorneys were appointed to represent him in the two cases. He also

alleged that the defense theories of his attorneys were different and incompatible with respect to the two cases; that the two cases involved different facts and evidence; that there was no connection between the two alleged cases; that the offenses charged in the two indictments were alleged to have occurred in two separate municipalities located twenty miles apart; "that there is no apparent relationship between the two separate prosecuting witnesses in said cases; that there is no intertwining nor interlocking of material facts in the two aforementioned cases; and that your defendant would be prejudiced by a consolidated trial of the two said cases, in that the jury would be unable to disregard the evidence introduced by the State to support the prosecution of one case from the evidence so introduced to support the prosecution of the other, even though irrelevant and immaterial to the other said case"; and that for these reasons a consolidated trial of the two cases would be a denial of the defendant's constitutional right to a fair trial by an impartial jury.

In our view the question thus presented is determinative of this appeal. The record shows that John H. Johnson lived in Harriman, Tennessee and that the burglary of his house and the theft of his property occurred sometime between August 25 and 28, 1967, during his absence; and that the burglary of the business house of Robert Justice and the theft of his property occurred in Oliver Springs, Tennessee during the night of August 26, 1967. Thus, the two indictments consolidated by the court and tried together over the objection of the defendant charged him with wholly separate and unconnected and unrelated felonies.

In Bruce v. State, 213 Tenn. 666, 378 S.W.2d 758, the trial court required the defendant, over his objection, to stand trial before the same jury upon two indictments charging separate and distinct crimes, not arising out of the same or related acts nor provable by the same evidence. The defendant was convicted of receiving stolen property under one indictment charging larceny and receiving stolen property, which grew out of the alleged theft of an automobile. He was acquitted by directed verdict upon the other indictment charging assault and battery upon a named person approximately three months after the alleged automobile theft. Holding that the consolidation of those indictments for trial at the same time before the same jury, over the defendant's objection, was prejudicial error, the Court said:

"The matter of consolidating separate indictments for trial is procedural and generally this is a matter within the discretion of the trial court.

"The State cites the recent case of Bullard v. State, 208 Tenn. 641, 348 S.W.2d 303. In the Bullard case the trial court ordered, over objection of defendant, two indictments consolidated for trial, one charging violation of the bad check law and the other public drunkenness. These indictments charged separate crimes not arising out of the same or related facts nor were they provable by the same evidence. This Court in affirming this case did no more than apply the harmless error rule. Section 27-117, T.C.A. The State admits in their brief such was the holding in the Bullard case and insists the case at bar should be affirmed for the same reason.

"We have not been cited nor have we been able to find any Tennessee case holding directly on the question at issue here. Mr. Justice Tomlinson in Bullard v. State, supra, discussed at some length the issue involved here and stated the majority view as given in 59 A.L.R.2d beginning at page 843, as follows:

'In any case, the propriety of trying together separate indictments or informations against the same accused over his objection rests in the sound discretion of the trial court, which has the obligation to safeguard not only the rights of the government but also of the accused and to see that such rights are not jeopardized.' 208 Tenn. 645, 348 S.W.2d 305.

"Mr. Justice Tomlinson stated the minority view in the following language:

'There is a minority view to the effect that such consolidation is not permissible. The Massachusetts case of Commonwealth v. Bickum, 153 Mass. 386, 26 N.E. 1003 [59 A.L.R.2d], as annotated on page 859, states that the reason for this minority rule is that "the practice contended for * * * might often prejudice the defendant, and, if once adopted, it would be exceedingly difficult to regulate it with a proper regard for his (defendant's) rights." It cannot be gainsaid that there is considerable force in this statement.' 208 Tenn. 645, 348 S.W.2d 305.

"In 23 C.J.S. Criminal Law § 931 we find the following statement:

'Ordinarily consolidation for trial or refusal to order a severance or separate trial is permissible or proper

where the offenses charged are similar, related, or connected, or are of the same or similar character or class, or involve or arose out of the same or related or connected acts, occurrences, transactions, series of events, or chain of circumstances, or are based on acts of transactions constituting parts of a common scheme or plan, or are of the same pattern and committed in the same manner, or where there is a common element of substantial importance in their commission, or where the same, or much the same, evidence will be competent and admissible or required in their prosecution, and if not joined for trial the repetition or reproduction of substantially the same testimony will be required on each trial.

"The above quote from C.J.S. lists seven groups or sets of circumstances wherein consolidation is generally permissible. *In each of these there is some connecting link between the indictments to be consolidated.* In the recent case of Hardin v. State, 210 Tenn. 116, 355 S.W.2d 105, 356 S.W.2d 595 this Court speaking through Chief Justice Burnett applied one of these groups in holding the two indictments in this case could be consolidated since they grew out of the same transactions.

"The saving of time and expense are the two compelling reasons favoring the consolidation of indictments for trial. It is in the public interest for the work of the courts to be expedited, at as reasonable expense, as possible. These desirable ends must be counterbalanced against the damages of prejudice to the defendant.

"This decision to consolidate indictments will of necessity have to be made at the beginning of the trial, when the court will have only the knowledge of the charges contained in the separate indictments, and will be in the dark as to just what the evidence in either case will be. To be required to render a judgment, under such circumstances, that a defendant will not be prejudiced by going to trial before the same jury on two or more separate indictments would be most difficult. *We agree with the minority opinion given in A.L.R. 2d supra, that such practice might often prejudice the defendant and would be difficult to regulate.*

"The case at bar does not fall into any of the seven groups listed in 23 C.J.S., supra and such being the case the Trial Judge was in error in consolidating these indictments over the objection of defendant." (Emphasis supplied)

A further very lucid and clarifying statement of the law upon this subject is set out in 23 C.J.S. Criminal Law § 931, p. 683:

"Consolidation should be denied or severance or separate trial may properly be granted where it appears from the face of the indictments that distinct felonies are charged, not provable from the same evidence and in no sense resulting from the same series of acts; where the offenses, although of the same class, were committed at different times and places, were not part of a common plan, and are not dependent on the same proof; or where evidence will be presented by the prosecution on a joint trial which will not be admissible on a separate trial and which will tend to prejudice the rights of accused."

Just as the directed verdict of acquittal upon the indictment for assault and battery could not ameliorate or render harmless the prejudicial effect of forcing the defendant into a consolidated trial in Bruce v. State, supra, upon cognate principle the fact that the jury in this case acquitted the defendant upon the indictment growing out of the alleged burglary of the Justice business establishment in Oliver Springs cannot in any way change or cure the prejudicial error resulting from compulsory consolidation of the two cases for trial.

In separate trials, of course it is elementary that evidence relating exclusively to the offenses charged in one of these discrete indictments would not have been admissible in a trial upon the other. Under this record, there can be little doubt that the jury, confronted with all the evidence and the testimony of a number of witnesses relating to both cases, very understandably was most likely bewildered and puzzled and simply yielded to the temptation to conclude that where there is so much smoke there is bound to be some fire, and thus arbitrarily selected one offense for conviction out of the three separate offenses charged in each of the two separate indictments.

This record clearly demonstrates that the learned trial judge abused his discretion by requiring the defendant to submit to a consolidated trial upon the two indictments, and that the defendant was thereby deprived of a fair trial. The realities of the courtroom should never be lightly regarded.

The other Assignments of Error are pretermitted. When the question determined is decisive, it is unnecessary to consider and decide other questions. Grove v.

State, 211 Tenn. 414, 365 S.W.2d 292; Bell v. Hackler, 211 Tenn. 518, 365 S.W.2d 900.

The judgment of the trial court is reversed and the case is remanded thereto for a new trial.

GALBREATH, J., did not participate in this case.

WALKER, P. J., concurs.