Richard D. REAGAN, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Dec. 12, 1974.

Certiorari Denied by Supreme Court
June 16, 1975.

James E. Dender, Maryville, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, H. Ken-

neth Deatherage, Dist. Atty. Gen., Kingston, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

■ In case No. 68, trial court No. 766, the Blount County grand jury charged the defendant below, Richard D. Reagan, with burglary of the dwelling house of Arnold Lowe. In case No. 69, trial court No. 767, it charged him with concealing stolen property, a .25 caliber Beretta pistol, the property of Elmer Gibson. In case No. 70, trial court No. 771, it charged him with concealing stolen property, a three-eighths inch electric drill, the property of Arnold Lowe. Over his objection the three cases were consolidated for trial and the jury found him guilty in each of the three cases. In case No. 68 it fixed his punishment at a minimum of 10 and a maximum of 12 years in the penitentiary; in case No. 69 at a minimum of two and a maximum of five years; and in case No. 70 at a minimum of one and a maximum of three years in the penitentiary. The trial judge sentenced him in each case in accordance with the verdict. Since he did not specify whether the sentences were cumulative or concurrent, they will be considered concurrent. *State ex rel. York v. Russell*, 180 Tenn. 515, 176 S.W.2d 820. From those judgments and sentences, Reagan appeals in error.

At about 11:30 P.M., July 27, 1973, Arnold Lowe went to bed in his Alcoa home, leaving the back door open so that his oldest son could come in later. At 2:00 A.M. or later he heard someone coming in through the garage and then saw the defendant in his bedroom apparently going towards his trousers hanging on the bedpost. Lowe got his pistol, subdued the defendant and held him until police arrived.

Lowe told the police that the defendant's car was outside and that he could have taken something from the house before he had awakened. Officer Giles shined a flashlight in the car and in plain view saw a Beretta pistol in a Browning pistol case. This officer had a report on a break in of Gibson's gas station and he was looking for weapons taken from it. He took the pistol and later at the trial Elmer Gibson identified it as belonging to him and having been stolen from him in a burglary of his service station earlier in July.

After finding the pistol, Officer Giles got the car keys, opened the trunk and found a three-eighths inch electric drill. At the trial an employee of Mr. Lowe identified this drill as one taken in the July 23, 1973, break in or Mr. Lowe's body shop.

Testifying in his own behalf, the defendant said that he was driving around on the night in question, saw a light on in the Lowe home and decided to go in and see Mr. Lowe's son; that he knocked on the front door, received no answer and then went to the unlocked back door and came in. He said Mr. Lowe, whom he did not know, acted crazy and hit him with a pistol but he did not defend himself because his hands had been burned. He denied having the flashlight which Mr. Lowe said he found. He denied any intention to burglarize the house. Mr. Lowe's son testified he had seen the defendant about 10:00 P.M. at a speedway or drag strip.

As to the pistol the defendant testified he bought it for $15 from one Allen Bennett. John Farmer testified he was present at the purchase. The state disputed the testimony that Bennett was in Tennessee at the time of the claimed sale.

The defendant and his witnesses testified that the drill belonged to his father-in-law.

The defendant says the court erred in refusing his motion for separate trials of the three cases. We think his motion was well taken and that he should have been granted separate trials. We sustain this assignment of error and reverse the three cases.

The matter of consolidating separate indictments for trial is procedural and gener-

ally this is a matter within the discretion of the trial court.

In reversing the conviction in *Bruce v. State*, 213 Tenn. 666, 378 S.W.2d 758, for improper consolidation of two cases for trial, our Supreme Court said:

"In 23 C.J.S. Criminal Law § 931 we find the following statement:

" 'Ordinarily consolidation for trial or refusal to order a severance or separate trial is permissible or proper where the offenses charged are similar, related, or connected, or are of the same or similar character or class, or involve or arose out of the same or related or connected acts, occurrences, transactions, series of events, or chain of circumstances, or are based on acts or transactions constituting parts of a common scheme or plan, or are of the same pattern and committed in the same manner, or where there is a common element of substantial importance in their commission, or where the same, or much the same, evidence will be competent and admissible or required in their prosecution, and if not joined for trial the repetition or reproduction of substantially the same testimony will be required on each trial.'

. . . . .

"The saving of time and expense are the two compelling reasons favoring the consolidation of indictments for trial. It is in the public interest for the work of the courts to be expedited, at as reasonable expense, as possible. These desirable ends must be counter-balanced against the damages of prejudice to the defendant."

■ The defendant was forced to go to trial under three indictments charging him with three different offenses provable by different witnesses and based on separate burglaries committed at different times. The pistol case depended on the testimony and identification of the owner, Elmer Gib-

son, and the testimony of the burglary of Gibson's service station. The drill case depended on the testimony of a break in of Mr. Lowe's business house at a previous time. At separate trials the same evidence would not be competent and admissible as to all the cases. The fact that the pistol and drill were found in the car following the arrest for burglary of the Lowe home is not sufficient to justify consolidation of the three cases.

In holding that the trial judge erred in consolidating separate and unconnected felonies in *Burum v. State*, 1 Tenn.Cr.App. 508, 445 S.W.2d 946, we said:

· "A further very lucid and clarifying statement of the law upon this subject is set out in 23 C.J.S. Criminal Law § 931, p. 683:

" 'Consolidation should be denied or severance or separate trial may properly be granted where it appears from the face of the indictments that distinct felonies are charged, not provable from the same evidence and in no sense resulting from the same series of acts; where the offenses, although of the same class, were committed at different times and places, were not part of a common plan, and are not dependent on the same proof; or where evidence will be presented by the prosecution on a joint trial which will not be admissible on a separate trial and which will tend to prejudice the rights of accused.' "

Under the rules laid down in *Bruce, supra*, and *Burum, supra*, the defendant should have received separate trials and the failure to grant his motion resulted in prejudice to him.

Although we find the cases must be reversed for failure to grant separate trials, we have also examined all other assignments and find them to be without merit.

The defendant says that the trial court erred in denying his motion to suppress testimony of the three-eighths inch drill

found in the car trunk. He relies on *Chimel v. California*, 395 U.S. 752, 23 L.Ed.2d 685, 89 S.Ct. 2034, contending that the search was not proper as incident to his arrest. The state does not rely on the search as incident to arrest but relies on probable cause to search without a warrant.

■ The defendant had been apprehended in a burglary and it was reasonable to believe that his car parked outside the burglarized home might contain property taken from that home. In plain view the officer had seen a pistol in the car. That evidence of the pistol was admissible. See *Armour v. Totty*, Tenn., 486 S.W.2d 537.

In *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975, the court held that automobiles may be searched without a warrant in circumstances which would not justify the search without a warrant of a house or office; the right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.

■ The search of the automobile was lawful and the evidence of the drill was admissible. See *Graybeal v. State*, 3 Tenn. Cr.App. 466, 463 S.W.2d 159; *Alvey v. State*, 1 Tenn.Cr.App. 360, 443 S.W.2d 518; *Campbell v. State*, 4 Tenn.Cr.App. 100, 469 S.W.2d 506.

■ The court did not err in denying the motion for a continuance for an absent witness. The witness had testified voluntarily at the preliminary hearing and no subpoena had been served requiring his attendance. His testimony would have been cumulative to that of three other witnesses on the ownership of the drill.

■ The defendant and two of his witnesses testified that his hands had been burned. On cross-examination the district attorney general asked if he were in a house to burn it down. The defendant assigns this as error. We think this exceeded the bounds of legitimate cross-examination but that it was not prejudicial error. It should not be repeated on retrial.

■ On his cross-examination Officer Atchley was asked where the defendant lived. Entirely unresponsive to the question, he replied that the defendant wanted to make a deal about the case. Counsel inquired further about his answer. Outside the presence of the jury, the trial judge announced that he would instruct the jury to disregard the statement about a deal. Defense counsel indicated that this was satisfactory. The trial judge then instructed the jury to disregard any statement made by Officer Atchley about a deal. In his general charge he repeated his instructions to disregard any statement about a deal. This assignment is without merit but the officer should not volunteer this inadmissible testimony on retrial.

We find no error in the rebuttal testimony on the credibility of the defendant.

The judgments are reversed and the three cases are remanded for new trials.

DWYER and O'BRIEN, JJ., concur.