James Franklin **REAVES, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Feb. 27, 1975.

Certiorari Denied by Supreme Court
April 21, 1975.

Walker Gwinn, Asst. Public Defender, Memphis, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, W. Fred Axley, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The Shelby County grand jury, in case no. B–40914, indicted the defendant below, James Franklin Reaves, in four counts for third degree burglary, grand larceny, receiving stolen property, and concealing stolen property alleging that he broke into the house of Thomas McConnell at 832 Park Rose, Memphis, and stole an air conditioner valued at $1000.

The case was tried along with a similar charge that he broke into the home of Charles F. Johnson at 826 Park Rose and stole another air conditioner. At the conclusion of the state's proof, the trial judge directed a verdict for the defendant in this case at 826 Park Rose and as to the burglary count in the first indictment. The jury found him guilty of grand larceny in case B–40914 and fixed his punishment at three to five years in the penitentiary. He appeals in error.

On September 8, 1973, Mrs. Doris Taylor, who lived at 838 Park Rose, noticed that air conditioners had been moved from two nearby vacant houses. While she was waiting for police whom she had called, the defendant and another person drove up in a truck to 832 Park Rose and loaded an air conditioner belonging to Thomas McConnell. On their arrival officers arrested the truck driver, J. W. Brown, coming from 826 Park Rose from which a central air conditioner had been removed. They found the defendant hiding in the attic there and also arrested him. An officer gave him full *Miranda* warnings, but the trial judge held his oral statement inadmissible because the state had failed to comply with TCA 40–2441.

J. W. Brown testified that the defendant approached him at a service station and offered him $20 to haul something; the defendant directed him to Park Rose where he helped load one air conditioner on his truck; the defendant said, "I've got one over here I've gotta' get," and went to the other house. In the meantime Brown and the defendant were arrested.

In a written statement the defendant confessed that he saw an air conditioner in the yard at a vacant house on Park Rose; that he then asked Brown to haul something and that they had loaded one unit when the police arrived; that he hid in the attic trying to get away from the police.

The defendant did not testify or offer any evidence.

The defendant contends the court erred in consolidating the two cases for trial. The offenses were similar and arose out of the same acts; much of the same evidence was admissible in the cases. This assignment is meritless. See Bruce v. State, 213 Tenn. 666, 378 S.W.2d 758; Burum v. State, 1 Tenn.Cr.App. 508, 445 S.W.2d 946.

In attacking the weight and sufficiency of the evidence, the defendant particularly urges that there was no proof of the value of the unit stolen and that a conviction of grand larceny cannot stand.

On direct examination the owner of the property, Thomas McConnell, testified that the unit was worth $400 to $500. On cross-examination he said he did not know its value on today's market.

■ The owner is qualified by the fact of ownership to testify as to the value of his property. McKinnon v. Michaud, 37 Tenn.App. 148, 260 S.W.2d 721; Clift v. Fulton Fire Insurance Co., 44 Tenn.App. 483, 315 S.W.2d 9.

■ It was not necessary to show the precise value, but rather that the property exceeded $100. The trial judge instructed the jury on both grand and petit larceny. The weight of McConnell's testimony was for the jury. This assignment is overruled.

The defendant says that the court erred in admitting into evidence his written statement when, on cross-examination, the interrogating officer indicated he did not advise the defendant that the statement could be used against him.

There were two hearings on the admissibility of the defendant's statements. At the arrest Officer Thweatt read the defendant his *Miranda* rights from a card he carried. No question is made as to the full warning at that time but the statement was held inadmissible for failure to comply with the statute above mentioned.

At the second hearing Sergeant Burgess testified that the following day he read the *Miranda* rights from a card to the defendant after which the defendant made his written confession. Testifying from his memory as to the warnings he had read the defendant, the officer did not say that he advised that any statement could be used against him. At the hearing the defendant testified that neither officer had given him any warnings but that he understood them because of previous warnings. When defense counsel objected to the admission of the statement, the trial judge held that the defendant had been properly warned and that the statement was admissible.

■ When a defendant has been fully advised of his *Miranda* rights, it is not necessary to repeat them on the following day before interrogation. See Mitchell v. State, 3 Tenn.Cr.App. 153, 458 S.W.2d 630; Cook, Constitutional Rights of the Accused, Trial Rights, Confessions, Sec. 89. This assignment is without merit.

All assignments are overruled and the judgment is affirmed.

MITCHELL, J., and W. A. HARWELL, Special Judge, concur.