**Curtis STEPHENY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 8, 1978.

Certiorari Denied by Supreme Court Aug. 28, 1978.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Alan E. Glenn and Kathleen D. Spruill, Asst. Dist. Attys. Gen., Memphis, for appellee.

Bruce Kelley, Jr., Memphis, for appellant.

## OPINION

DWYER, Presiding Judge.

The appellant appeals with assignments of error his conviction for committing the offense of rape, T.C.A. 39–3701, with resulting confinement for twenty-three years. Derek Griffin, a co-defendant, made a motion to dismiss his appeal. It has been granted; therefore, his record is not before the court.

With assignments attacking the evidence we will summarize that evidence as found from our review of this record.

The prosecutrix, Barbara Gibbs, was an invitee to the home of the appellant located on Pillow Street in the City of Memphis on the evening of January 21, 1977. In testifying as a witness for the State, she related that she went to appellant's house with her girl friend, Beverly McWilliams, and males named Derek Griffin, Michael Jones, and Dwayne Donald around 10:30 p. m. The males had told them there was to be a dance at that residence; that Jones left to get liquor and on his return the girls were offered liquor and marijuana; that appellant pulled her into a bedroom, ripped her jumpsuit, struck and kicked her and with Griffin holding her legs he raped her; that she was screaming and yelling and resisting and that Griffin then raped her and a man who had entered the bedroom named Noel raped her. Subsequently, the appellant walked her to Beverly's home around 3:00 a. m., where she was then picked up by her father. After observing her physical condition Ms. Gibbs' parents took her to a hospital.

The doctor who examined her, testifying for the State, related that she had two lacerations within her vaginal vault which he sutured.

The friend, Beverly McWilliams, testifying as a State's witness, corroborated that appellant pulled Barbara into the bedroom and that Barbara was resisting and when she went to the aid of Barbara she was ejected from the bedroom by Griffin and Donald. This witness also testified that Donald was putting his hands all over her body and had pulled her pants down but desisted when Jones and Griffin came into the room; that when Barbara came to her house around 3:00 a. m. she was limping, her face was bruised and swollen and she was crying and told her she had been raped.

When the appellant was arrested at his home in February he was found hiding in the attic of his home and when the officer attempted to take him in custody, appellant fell through the ceiling; that the appellant then ran out the front door and was arrested by an officer on the outside.

The appellant did not testify and offered no proof.

His co-defendant at the joint trial, Derek Griffin, testified denying the rape and offered proof of good character. The other co-defendant, Donald, testified and denied the rape and seeing or hearing any assault on the prosecutrix by the appellant.

■ We think under the rule governing appellate review as delineated in *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963), the appellant has not shown here that the evidence preponderates against his guilt and in favor of his innocence. The victim's testimony that she was raped, the friend's testimony that she saw Barbara being assaulted, heard her yelling, saw her struggling when appellant had her on the bed, the bruises on the victim, the tears in the vaginal vault, are but a few of the overwhelming facts in this record which support the verdict. The evidence assignments are overruled.

■ The trial court, over objection, allowed the State to consolidate indictments, one of which accused the appellant, Griffin, and Donald with committing the offense of rape; another accusing appellant and Donald with committing the offense of abduction; and lastly one accusing Donald of assault and battery with intent to ravish.

The jury found appellant guilty of rape with confinement for twenty-three years; the co-defendant Griffin guilty of assault and battery with intent to ravish with confinement of not less than five nor more than ten years; the jury acquitted appellant and Griffin of the remaining charges; and the jury acquitted Donald of all charges against him. These indictments were the outgrowth of the rape of Barbara Gibbs and the assault on Beverly McWilliams in appellant's home on the event date. We find no abuse of the trial court's discretion in ordering consolidation where the issues and facts on all three charges are intertwined as here. *State v. Henderson*, 221 Tenn. 209, 213, 425 S.W.2d 616 (1967). This assignment is overruled.

His next assignment he contends the trial court erred in allowing into evidence the torn jumpsuit worn by the prosecutrix on the event evening. With his assignment being unbriefed it is without merit. *Roberts v. State*, 4 Tenn.Cr.App. 537, 474 S.W.2d 165 (1971), coupled with no abuse of the trial court's discretion in its admission. *Ritter v. State*, 3 Tenn.Cr.App. 372, 462 S.W.2d 247 (1970). This assignment is overruled.

■ He next contends the trial court erred in allowing into evidence photographs depicting the facial bruises of the prosecutrix taken four days after the event. With no objection, *Hill v. State*, 513 S.W.2d 142 (Tenn.Cr.App.1974), and the photographs being relevant as to force being employed, we find no merit in this assignment and it is overruled.

■ He assigns as error the allowance by the trial court the statement of Beverly McWilliams that the prosecutrix told her on the event night that she had been raped. With no objection, *Hill v. State*, supra, and no supporting authority, *Roberts v. State*, supra, there is no merit in this assignment. The quick report of such an act by the victim is, however, competent. *Morris v. State*, 532 S.W.2d 61 (Tenn.Cr.App.1975). This assignment is overruled.

The testimony of one of the arresting officers that the investigation revealed the appellant was in the house but could not be located, whether conclusory or hearsay, if error was harmless. T.C.A. 27–117.

With appellant obviously attempting to flee after he fell through the ceiling there was no error in the court charging on flight.

He assigns as error the trial court's refusal to grant a motion for directed verdict after the State rested. With no supporting authority the assignment is without merit. *Roberts v. State*, supra. With ample evidence in the record as elucidated in our treatment overruling the evidence assignment, there was no error in the court denying the motion.

The appellant, with reliance on T.C.A. 37–233(b), contends that it was error for the trial court to allow the State to ask a character witness for Griffin, who further testified as to the good character of the appellant, if he knew that it was part of appellant's reputation that he had been charged with various offenses in juvenile court. While this type interrogation is proper when adults are concerned, *Crawford v. State*, 197 Tenn. 411, 273 S.W.2d 689 (1954), it is, we think, of first impression here. With the questions not relating to the disposition of the juvenile or of evidence adduced against him, coupled with the court charging at the time that the jury was to only consider this as affecting the credibility of the witness and recharging this at the conclusion of all the proof, we find no violation of the statute. We think it would not be in harmony with the primary function of a trial as a truth finding expedition to allow the appellant to present to a jury through character witnesses an unchallenged cloak of respectability and standing in the community when in fact that was not true. These assignments are overruled.

The judgment of the trial court is affirmed.

TATUM, J., and ARTHUR C. FAQUIN, Jr., Special Judge, concur.