MR. JUSTICE DALY,
dissenting:
I respectfully dissent. While agreeing with the majority that generally juvenile records cannot be used as evidence against an accused, I do not believe that the prosecutor’s questioning in this case constituted reversible error.
Given the proper circumstances alleviating the prejudicial effect of the evidence, juvenile records may be used to impeach “good character” testimony by a criminal defendant. See, Annot. 63 A.L.R.3d 1112 § 4(b). The rationale for this proposition is that the search for truth at a trial is inhibited if a defendant or a defense character witness is allowed to give the erroneous impression that the defendant is lily-white. See United States v. Canniff (2nd Cir. 1975), 521 F.2d 565; and State v. Stepheny(1978), Tenn.Cr.App., 570 *58 S.W. 2d 356.
This case involves the balancing of the search for truth with the policy of protecting juvenile records. Here, because of the safeguards surrounding the prosecutor’s questions, I would not say reversible error occurred. The objection to the prosecutor’s questions was sustained and an admonition was given. The jury was also instructed to disregard any remarks made by counsel not supported by the evidence. These procedures limited the prejudicial effect of the questioning.
I would affirm the District Court’s judgment.