JOHN (BUD) THOMAS

*v.*

STATE OF TENNESSEE.

358 S.W.2d 315.

Opinion filed June 5, 1962.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

FLETCHER R. MORGAN, CHARLES B. COLEMAN, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, LYLE REID, Assistant Attorney General, Nashville, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

John (Bud) Thomas, the defendant below, was convicted of murder in the second degree, and sentenced to serve not more than fifteen years in Prison.

This appeal in error resulted and it appears from the record that about noon on Sunday, July 17, 1960, the defendant age 38, and deceased about 41, together with several other men were engaged in a dice game being played in a secluded area of East Chattanooga known as Curtain Pole Woods.

The defendant and a man named Gann lived in the same house and attended the game together. The defendant was present as a participant and he also was engaged in a side business of selling whiskey and beer to those present.

An argument concerning the dice game developed between the deceased, Phillips, and Gann. The deceased, who apparently was one of the few persons present who was not armed, procured a pistol from another man, and returned to a position immediately outside the circle of players. He fired one shot into the ground near Gann,

apparently as a means of getting his attention. Many of those present fled from the scene.

The proof shows that defendant jumped up from the circle, grabbed the deceased from the rear, put his left arm around deceased's neck or body, placed his .32 caliber pistol against deceased's back, and told him to drop his pistol. Deceased, who was holding his own weapon cocked, made a profane statement and defendant shot him twice in the back, one bullet perforating his heart. The deceased fell to his hands and knees and defendant went around in front of him, shot him again in the forehead, and as deceased fell flat upon the ground defendant fired one more shot into his chest.

The police officers arrived within ten minutes and found defendant at the scene. He had unloaded his weapon and placed it upon the ground. His statement to the officers was "I'd give a $100.00 if I hadn't done it."

██ The record shows that defendant deliberately killed deceased with a pistol. When nothing more than a deliberate killing is shown the law presumes the existence of malice sufficient to support a conviction of second degree murder. The onus of showing circumstances which mitigate the crime from second degree murder to manslaughter or justified homicide is imposed upon the defendant.

██ It is the duty of the jury, which was done in this case, to fix the degree of the homicide shown by the facts. If the account of the killing as given by the State's witnesses was accepted by the jury, as it had a right to do, the defendant is guilty of second degree murder, the crime of which he was convicted. *Mullins v. State,* 156

Tenn. 105, 299 S.W. 1052; *Forsha v. State,* 183 Tenn. 604, 194 S.W.2d 463; *Batts v. State,* 189 Tenn. 30, 222 S.W.2d 190; and *Beadle v. State,* 203 Tenn. 97, 310 S.W.2d 157.

We have considered all assignments of error, find them without merit and the judgment of the lower court is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.