**Henry SHANKLIN, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 11, 1972.

Edward A. Robertson, James C. Cunningham, Clarksville, for plaintiff in error.

David M. Pack, Atty. Gen., W. Henry Haile, II, Asst. Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for defendant in error.

———◆———

## OPINION

GALBREATH, Judge.

There can be no reasonable doubt from the testimony of impartial witnesses in this case as to the facts leading up to the homicide resulting in the plaintiff in error's indictment and conviction for first degree murder in the Criminal Court of Montgomery County. Unsatisfactorily answered is the question dealing with why the tragedy occurred. Seldom has a more senseless, irrational crime and its aftermath come before this Court for review.

On the 21st day of May, 1971, the defendant below, Henry Shanklin, entered the Clarksville barber shop of one Burney Jenkins, who at the time was cutting the hair of the deceased Charles Moody. The defendant appeared to be in a jovial mood but somewhat disturbed the proprietor and patrons gathered in the shop when he exhibited and brandished about a small caliber pistol. Upon being requested to put the pistol away the defendant said, "Okay, Burney," and replaced the weapon in his pocket. As he did so the deceased, thinking his haircut was finished, started to step down from the barber chair, but Mr. Jenkins pulled him back telling his customer that he had not yet given him a "razor line" or trim. The victim stated that he did not need a razor line, and the defendant stepped up and admired the barber's handiwork. He remarked that he liked the haircut and asked if Jenkins could give him one like it. At that point Mr. Moody stepped out of the chair and lightly cuffed the defendant on the jaw and admonished him, "Jenkins tell you right man, take that old pistol home or someplace before you kill somebody or get killed." At that slight provocation the defendant seemingly flew into a rage and struck the deceased a hard blow to the face saying, "Don't put your hand in my face." The victim staggered back clutching a hand to his face and said, "Man, what did you do that for?" A mutual friend of the victim and defendant came between them as the defendant backed away fumbling in his back pocket where he had placed the pistol. The defendant reached around this man and fired a shot into the side of Mr. Moody who fell dead.

The sole assignment of error here is to the effect that the elements necessary to establish premeditation so as to make out the crime of first degree murder were not proved to exist at the time of the killing.

Once the fact of killing has been established, the law presumes that it was murder in the second degree. See Witt v.

State, 46 Tenn. 5; Gann v. State, 214 Tenn. 711, 383 S.W.2d 32, and McClain v. State, 1 Tenn.Cr.App. 499, 445 S.W.2d 942. To reduce the degree of the homicide the defense must prove an absence of malice, and a corresponding burden rests on the State to prove premeditation or some other ingredient to raise the degree of the homicide. See Thomas v. State, 210 Tenn. 297, 358 S.W.2d 315.

In this case since no ingredient other than premeditation is relied on by the State to establish first degree murder, we must measure the facts before us by guidelines laid down for our consideration by the law.

As our Supreme Court directs:

" . . . the question of vital importance is—was the mind at that moment so far from the influence of excitement, or passion, as to be capable of reflecting and acting with a sufficient degree of coolness and deliberation of purpose; and was the death of the person assaulted, the object sought to be accomplished —the end determined upon." Lewis v. State, 40 Tenn. 127.

As to what amounts to cool and deliberate purpose the Court has instructed:

" . . . the deliberation and premeditation must be akin to the deliberation and premeditation manifested where the murder is by poison or lying in wait— the cool purpose must be formed and the deliberate intention conceived in the mind, in the absence of passion, to take the life of the person slain . . . [I]n all such cases the purpose must be coolly formed, and not in passion, or, if formed in passion, it must be executed after the passion has had time to subside." Winton v. State, 151 Tenn. 177, 268 S. W. 633.

■ In our considered view the facts of this case do not overcome the presumption in law that the killing in this case was anything other than second degree murder resulting from anger engendered by slight provocation before the unjustified emotion could subside.

■ At the conclusion of the State's proof the defense moved for a directed verdict of acquittal of first degree murder. The motion was overruled and error is charged. A party is not entitled to a directed verdict at the conclusion of the adverse party's proof as a matter of right. Such a motion addresses itself to the sound discretion of the trial court. See Hill v. State, Tenn.Cr.App., 470 S.W.2d 853. If at the conclusion of all the proof in a criminal trial the motion is renewed, the trial judge should direct a verdict if he "is of the opinion that the evidence is insufficient to warrant a conviction." T.C.A. § 40–2529. Such a motion may address itself to any of the crimes being tried. Here the motion was not renewed.

We reduce the degree of the offense for which the defendant was found guilty to that of murder in the second degree and fix punishment at the minimum provided by law, ten (10) years in the penitentiary, under authority of Forsha v. State, 183 Tenn. 604, 194 S.W.2d 463. If the State does not agree to this reduction, a new trial is granted.

WALKER, P. J., and O'BRIEN, J., concur.