**Willis Lewis JONES, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Aug. 26, 1975.

Certiorari Denied by Supreme Court
Dec. 5, 1975.

Robert E. Lee, Lebanon, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Baxter Key, Jr., Dist. Atty. Gen., Carthage, John C. Knowles, Asst. Dist. Atty. Gen., Sparta, Tom P. Thompson, Jr., Asst. Dist. Atty. Gen., Hartsville, for defendant in error.

## OPINION

DUNCAN, Judge.

The defendant was convicted in the Wilson County Criminal Court on August 16, 1973, of second degree burglary in one case (No. 1838A), and of grand larceny in another case (No. 1838B), receiving penitentiary sentences of not less than three (3) nor more than fifteen (15) years, and not less than three (3) nor more than ten (10) years, respectively, the sentences to be served consecutively.

The defendant has duly perfected his appeal to this Court and makes two assign-

ments of error to the effect that the court erred in overruling his motion to sever the two indictments for trial, and that the court should have granted his motion for a directed verdict of not guilty made at the conclusion of the state's evidence.

It is necessary to review the evidence in order to answer both of these assignments.

Fred Troop and his wife, Betty Troop, were living together in their home in Wilson County, Tennessee, on September 11, 1972. On that date, while the Troops were away from home, their home was burglarized and taken therefrom were a shotgun, a rifle, an electric guitar, an organ, an amplifier, and a set of car keys to a 1971 Oldsmobile Vista Cruiser. The Oldsmobile was parked in the driveway, and it was also stolen on the same date.

Frank Evetts, an agent for the T. B. I., was looking for the defendant in connection with another case, and found him coming towards the defendant's ex-wife's apartment. The defendant was wearing a "long wig." Agent Evetts then took the defendant into custody, advised him of his constitutional rights, and proceeded to question him about the other offense. Agent Evetts was not aware of the Troop burglary at that time. As the defendant was being booked on the other charge, his personal belongings were laid out on a desk, which belongings included a set of car keys. Upon inquiry as to where he got the keys, the defendant replied:

"Well, I will tell you, I broke into Mr. Fred Troop's home. I got the keys off of the dresser and stole the automobile."

The defendant admitted also that he stole the two guns, an electric organ, a guitar and an amplifier. The defendant's admissions to Agent Evetts were corroborated by Sheriff Cecil Bryan.

The defendant accompanied Agent Evetts and Sheriff Bryan to where the car was parked. The personal property mentioned above was still in the car. The car keys which had been in the defendant's possession when he was apprehended were

used to start the Oldsmobile so that it could be driven back to the jail. The defendant told the officers it was his intention to get away and leave the state. Mr. Troop went to the jail and identified all of the stolen property, including the Oldsmobile belonging to his wife. When Mr. Troop returned to his home, he found the back door open and a kitchen window prized open.

■ The trial judge did not abuse his discretion in consolidating these cases for trial. The charges contained in these indictments are so closely related that the proof on each charge would, by necessity, be admissible in evidence on the trial of the other charge and vice-versa. The theft of the automobile was made possible by the burglary of the house, at which time the automobile keys were stolen. The theft of the automobile followed immediately after the burglary.

In *Epstein v. State*, 211 Tenn. 633, 366 S.W.2d 914 (1963), the Supreme Court said:

"The rule of reason would be that if the facts out of which the two indictments grew are so closely interlocked and related that it would be necessary to introduce most of them in either case then clearly the two transactions should be tried together."

In *Hardin v. State*, 210 Tenn. 116, 355 S.W.2d 105 (1962), the court said:

"It would be the grossest folly to demand a separate trial under each indictment where they both grow out of an identical situation."

For the same propositions, see also *State ex rel. Gann v. Henderson*, 221 Tenn. 209, 425 S.W.2d 616 (1968), and *Hayes v. State*, 4 Tenn.Cr.App. 360, 470 S.W.2d 950 (1971), and *Withers v. State*, Tenn.Cr.App., 523 S.W.2d 364 (1975).

The case of *Burum v. State*, 1 Tenn.Cr. App. 508, 445 S.W.2d 946 (1969), cited by the defendant in his brief, presents a completely different situation on its facts. Contrary to the facts in the present case, in

the *Burum* case the two indictments charged the defendant with "wholly separate and unconnected and unrelated felonies."

Equally unmeritorious is the defendant's insistence that the trial court should have directed a verdict of not guilty at the conclusion of the state's evidence.

The defendant complains under this assignment that the owners of the property failed to properly identify same, specifically contending that proof of title to the subject Oldsmobile should have been proved by the certificate of title.

The proof showed that Mr. and Mrs. Troop's home was burglarized. Mr. Troop stated that his wife owned the subject Oldsmobile. Mrs. Troop testified that she was the owner of the vehicle. The proof showed Mr. Troop owned the other items of personal property found in the Oldsmobile.

We are satisfied that the Oldsmobile, stolen by the defendant, was owned by Mrs. Troop, and it was not required that the certificate of title be exhibited. Moreover, proof of ownership is not even essential in "Larceny." Evidence of possession is ordinarily sufficient proof of ownership. *Campbell v. State*, 2 Tenn.Cr.App. 39, 450 S.W.2d 795 (1970).

T.C.A. § 40–2529 requires the trial judge in a criminal case to direct the jury to acquit the defendant if at the close of the prosecution's evidence or at the close of all the evidence "the court is of the opinion that the evidence is insufficient to warrant a conviction."

The rule for determining a motion for a directed verdict requires the trial judge and the reviewing court on appeal to look at all of the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, and to allow all reasonable inferences from it in his favor; to discard all countervailing evidence, and if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole

evidence, the motion must be denied. *Rambo v. State*, 4 Tenn.Cr.App. 466, 472 S.W.2d 911 (1971); *Hill v. State*, 4 Tenn.Cr.App. 325, 470 S.W.2d 853 (1971); *Ridley v. Spence*, 61 Tenn.App. 571, 456 S.W.2d 846 (1970).

Further, this Court has said that "A party is not entitled to a directed verdict at the conclusion of the adverse party's proof as a matter of right. Such a motion addresses itself to the sound discretion of the trial court." *Shanklin v. State*, Tenn.Cr. App., 491 S.W.2d 97 (1972). See also *McDonald v. State*, Tenn.Cr.App., 477 S.W.2d 759 (1971).

And, whenever the evidence does not preponderate against the verdict of guilt, there is obviously ample evidence to support the verdict and the trial judge should not have directed a verdict of acquittal. *Taylor v. State*, 2 Tenn.Cr.App. 459, 455 S.W.2d 168 (1970).

The proof in these cases, as set forth heretofore, showing the defendant's guilt, is compelling. The defendant admitted the commission of the offenses, and such was corroborated by his taking the officers to the location where the automobile and the other stolen property were found.

The trial court was correct in denying a directed verdict of not guilty in these cases. The facts presented a jury question, and it would have been an unwarranted assumption of authority for the trial judge to have directed a verdict of not guilty. *Rambo v. State*, supra.

The evidence does not preponderate against the verdict of the jury. *Jamison v. State*, 220 Tenn. 280, 416 S.W.2d 768 (1967).

The assignments of error are overruled, and the judgments are affirmed.

WALKER, P. J., and RUSSELL, J., concur.