Robert Lewis DRAKE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 13, 1978.

Certiorari Denied by Supreme Court Dec. 18, 1978.

Shelby L. Haywood, Lewisburg, for appellant.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, James S. Kidd, Dist. Atty. Gen., Fayetteville, Rondal T. Wilson, Asst. Dist. Atty. Gen., Shelbyville, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of second (2nd) degree murder and sentenced to serve twenty-five (25) years in the penitentiary.

On January 12, 1977, at approximately 10:30 p. m. the Appellant and a woman were in his home when they heard a disturbance at the front door. The Appellant observed the deceased, a girl friend, who had broken a glass in the door and was attempting to enter his home. The Appellant dissuaded her from this course of action and she left. At approximately 1:30 a. m. on January 13, 1977, the Appellant and the woman who was in the home heard the deceased, who was outside the window of the bedroom which they were in, cursing and threatening to "get" the Appellant. Again, the deceased went away.

At 10:30 a. m. on the same date the deceased returned to the Appellant's home and entered. She was fatally wounded by a shot from a 20 gauge shotgun. The Appellant was alone in his home at the time and was, of course, the only surviving witness to what occurred there.

The Appellant, at trial, testified that the deceased had come to his home at approximately 10:30 a. m. on the date she was killed and had entered the house by reaching through the place where she had broken the glass on the previous evening and unlocking the door. He says she advanced on him making threats and he saw what he thought was a weapon being held in her hand which was partially inside her coat pocket. He related that he was afraid she would injure or kill him and that he pointed the shotgun at her to frighten her away. He contended he did not mean to kill her and the killing was done accidentally. A police officer testified that the Appellant had stated to him when he arrived at the scene that the killing was an accident.

The police found a pocketknife in the deceased's coat pocket when they searched her clothing. The knife was unopened.

In three (3) assignments of error the Appellant attacks the sufficiency of the evidence to support the verdict. Additionally, he says the verdict indicates passion, prejudice and caprice by the jury; there was error in the admission of a photograph showing the deceased lying where the

shooting occurred; there should have been a charge given on accidental shooting as a defense; a directed verdict should have been granted at the end of the State's proof and at the conclusion of all the proof; there should have been a mistrial granted because the State showed the Appellant did not make any statement after being given his *Miranda* warnings and the trial court committed error in not allowing him to argue the theory of accidental killing to the jury.

We overrule all of the assignments of error except the assignment going to the showing that the Appellant did not make any statement after being advised of his rights, and the assignment concerning the trial judge's prohibiting the argument of accidental killing.

We sustain those, reverse the judgment and remand the case for a new trial.

We are of the opinion the evidence is sufficient to support the verdict of the jury finding the Appellant guilty of murder in the second (2nd) degree and fixing the punishment at twenty-five (25) years. However, we cannot say their view of the evidence was not affected by the introduction of evidence that the Appellant exercised his right to not make any statement and the refusal of the trial judge to allow the defense attorney to argue the theory of accidental killing to the jury.

■ The photograph complained of did show the wound of the body in stark relief. However, there was a dispute in the distance the deceased had penetrated into the home. This photograph was relevant on this issue and therefore there was no error in its admission into evidence. Contrary to the Appellant's argument, another photograph showing the deceased lying on the floor did not clearly show this distance.

■ The Appellant did not request a charge on accidental shooting and thus cannot now complain of the failure of the trial court to give such a charge. The charge given by the trial court defining involuntary manslaughter, although less broad than apparently desired by the Appellant, did describe accidental death in relation to this degree of homicide.

■ At the close of the State's proof, the Appellant offered evidence, after an adverse ruling on his motion for a directed verdict, thus precluding any claim of error on this basis. *State v. Jones*, 533 S.W.2d 326 (Tenn.Cr.App.1975). At the close of Appellant's proof there remained a conflict in the evidence which was properly submitted to the jury after the trial court again overruled the motion for a directed verdict.

The following occurred which gave rise to the assignment concerning the exercise of *Miranda* rights:

"Q Did you attempt to interview the defendant?

A Yes, sir, I did.

Q After accordingly given him his rights?

A Yes, sir.

Q But no statement was taken from him?      .

A No, sir. He advised me that he wanted his lawyer.

MR. HAYWOOD: Now, I'm going to object to that, and am going to move for a mistrial. Now, that's getting into an area that's very dangerous, Your Honor.

MR. WILSON: I think it's absolutely encumbent [sic] upon the State—this Jury is entitled to know all that our investigation revealed. I'm not trying to raise any inference by it. I simply asked the man if he advised him of his Rights, and if any statement was taken from him. And he said, "No".

MR. HAYWOOD: He can ask if he was advised of his Rights.

THE COURT: Well, I am going to overrule the objection at this point, with special instructions at the end of such comments and inquiries on that matter."

No curative instructions were given on this matter.

■ An accused is not required to make a statement when questioned by officers and the exercise of the right to remain silent or confer with counsel may not be used against him on trial. See *Ware v.*

**596**

*State,* 565 S.W.2d 906 (Tenn.Cr.App.1978); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Braden v. State,* 534 S.W.2d 657 (Tenn.1976). It was error for the State to show Appellant's refusal to make a statement and saying he wanted his lawyer.

The assignment of the Appellant going to the issue of whether the killing was accidental is based upon the refusal of the trial judge to allow him to argue this theory to the jury. One police officer testified that when he arrived at the scene the Appellant said there had been an accident and the woman was shot. In his testimony the Appellant took the position that he did not intend to kill the woman but that he pointed the gun at her to prevent her from attacking him. He asserted that he believed the woman was armed and would kill or injure him if he did not prevent the attack.

The Appellant, in his defense, was relying upon the defense of habitation, self-defense and accidental killing. The trial judge instructed Appellant's counsel, prior to completion of the case, that he could not rely upon these three (3) defenses because they were inconsistent. He stated: "you cannot ride three horses."

◼ The trial judge allowed the defenses of self-defense and defense of habitation and instructed the attorney not to argue the theory of accidental death to the jury. We are of the opinion this was error which requires a retrial of this case.

◼ We are unable to find any case that prohibits reliance on both self-defense and accidental killing. On the other hand, the case of *Myers v. State,* 185 Tenn. 264, 206 S.W.2d 30 (Tenn.1947), held that although self-defense was not ordinarily available in a case defended on the theory of accidental homicide, the facts of the case made both applicable. We are of the view that in this case the evidence is similar to *Myers* and the Appellant can rely upon the defense of accidental killing as well as the theories of self-defense and defense of habitation.

The trial judge erroneously prohibited Appellant's attorney from arguing accidental killing to the jury. The Appellant testified the killing was unintentional. The jury, if counsel had been allowed to insist on this theory, might well have concluded the death was one of involuntary manslaughter rather than murder.

◼ The State insists the action of the trial judge in this matter and in the matter of the evidence of the assertion of the right not to make a statement and to confer with an attorney was harmless error if error at all. We do not subscribe to this view. The State's case was based upon the circumstances surrounding the death and what inference might be drawn from the use of a deadly weapon. The proof of guilt was circumstantial and not direct. The evidence of guilt, although adequate to support a verdict of second (2nd) degree murder absent these errors, was not overwhelming. We, therefore, conclude the errors were substantial and cannot say they did not affect the verdict reached by the jury.

ROBERT S. BRANDT, Special Judge, concurs.

GALBREATH, former J., did not participate in this decision.