STATE of Tennessee, Appellee,

v.

Curtis STOWE, Appellant.

No. 1.

Court of Criminal Appeals of Tennessee, at Jackson.

April 8, 1982.

Charles S. Kelly, Dyersburg, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, David G. Hayes, Dist. Atty. Gen., Union City, for appellee.

## OPINION

DWYER, Judge.

Curtis Stowe appeals as of right from his conviction of possession of a controlled substance, marihuana, with the intent to sell or deliver, T.C.A. § 52–1432(a)(1)(F). The jury set punishment at not less than two nor more than five years in the State Penitentiary.

The trial court's refusal to grant appellant's motion for judgment of acquittal and the State's attorney's closing argument are the issues.

A James Vineyard, testifying for the State, related he was an undercover agent investigating drug traffic in Weakley County. To that end, he took a job as a bartender at the Cadillac's Bar, a pool room and beer tavern in Martin. In that role he met the appellant and on September 20, 1980, Vineyard, appellant, and a Darrell Hayes went to the appellant's trailer. On the way Vineyard told appellant he wanted to buy a pound of marihuana. The appellant told him he did not know whether he had a pound or not but would sell him what he had. Upon arriving at the trailer appellant gathered from different locations inside the trailer 15 bags of a green plantlike material. Vineyard inquired as to the price and appellant replied $235. When Vineyard paid him the appellant then told Vineyard that if he wanted more to just let him (appellant) know. The green plantlike material in the bags was identified by the Tennessee Crime Laboratory as containing 344.6 grams of marihuana, a Schedule VI drug.

Following the State's proof, the defendant moved the court for judgment of acquittal because there was no evidence before the court that he was involved in any type of criminal activity except as was initiated and induced by the undercover agent; in short, appellant alleges entrapment. The court denied the motion.

The defendant offered no proof.

The appellant, with reliance on *Scalf v. State*, 565 S.W.2d 506, 508 (Tenn.Cr.App. 1978), contends that he lacked the requisite criminal intent to consummate the crime. Summed up, appellant argues that the undercover agent instigated the transaction and induced him to make the sale; hence, he was not predisposed to commit the crime but was entrapped. Lacking criminal intent, he maintains that his motion for acquittal therefore should have been granted at the conclusion of the State's proof.

The State counters by arguing that the agent merely afforded appellant the opportunity to sell the marihuana and that the agent's offer to buy was entirely proper and did not constitute entrapment. Moreover, appellant's expressed willingness to do business with the officer at the time of the transaction and at any time in the future demonstrated his predisposition to commit the crime.

In considering a motion for a directed verdict, the following rule applies, cited in *State v. Thompson*, 549 S.W.2d 943, 946 (Tenn.1977):

"The rule for determining a motion for a directed verdict requires the trial judge and the reviewing court on appeal to look at all of the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, and to allow all reasonable inferences from it in its favor; to discard all countervailing evidence, and if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *Jones v. State*, 533 S.W.2d 326, 329 (Tenn.Cr.App.1975)."

It is true that entrapment is a defense in Tennessee with the advent of *State v. Jones*, 598 S.W.2d 209, 220 (Tenn.1980):

"... entrapment occurs when law enforcement officials, acting either directly or through an agent, induce or persuade an otherwise unwilling person to commit an unlawful act; however, where a person is *predisposed to commit an offense*, the fact that the law enforcement officials or their agents merely *afford an opportunity* does not constitute entrapment." (Emphasis supplied.)

■ The court acted correctly in overruling the motion for judgment of acquittal and allowing the matter to go to the jury. It is clear to us here that all the officer afforded appellant was an opportunity to sell the marihuana under the facts as narrated. In short, appellant was predisposed to commit the offense and did in fact sell the drugs in response to the officer's request to buy. There is no merit in this issue. It is overruled.

We will now look at the argument issue. The complained of portions of the prosecutor's argument to the jury are as follows: (1) "... if you turn this defendant loose, if you acquit him, you are telling this defendant over here, 'Yes, sir, Mr. Stowe, we like what you are doing in this community, we like it, that's all right.' "; (2) "... who [the defendant] has taken it upon himself to distribute drugs in the community"; (3) reference to defendant as a "drug dealer"; (4) "In other words, is it all right then if he gets out on the street and sells?"

■ Statement (1): Absent a contemporaneous objection, appellant waived any error therein. *State v. Sutton*, 562 S.W.2d 820, 825 (Tenn.1978).

■ Statements (2) and (3): From the evidence adduced this was a reasonable inference to draw from the facts, hence, no error.

■ Statement (4): The appellant argued that the undercover agent was improperly used; the State's response was simply an oblique answer to the appellant's argument. There is no error here. The second issue is without merit and is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and TATUM, JJ., concur.