**STATE of Tennessee, Appellee,**

v.

**Claude TORREY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 30, 1993.

Permission to Appeal Denied by Supreme Court June 20, 1994.

Bill Cameron, Cookeville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Ruth A. Thompson, Nashville, William E. Gibson, Dist. Atty. Gen., Lillie Ann Sells, Asst. Dist. Atty. Gen., Cookeville, for appellee.

## OPINION

PEAY, Judge.

The defendant was indicted for theft of property over the value of five hundred dollars ($500), the property being specifically identified as nine thousand four hundred eighteen ($9418) cash. He was convicted by a jury of theft of property valued at over one thousand dollars ($1000) and less than ten thousand dollars ($10,000) and was sentenced to serve three years with all but six months suspended. The defendant was placed on probation with intensive supervision for the period of suspension.

The defendant appeals as of right, presenting four issues for this Court's review. He contends (1) that the trial court erred in denying his motion for judgment of acquittal, (2) that a demand for repayment of goods is necessary before a prosecution for theft can be sustained, (3) that the jury improperly convicted the defendant of theft of property valued at more than one thousand dollars ($1000) but less than ten thousand dollars ($10,000) when the indictment had charged the defendant with theft over five hundred dollars ($500) in violation of T.C.A. § 39–14–103, and (4) that the trial court erred in refusing to grant a mistrial after a State's witness made an improper comment concerning the defendant's prior criminal record. Upon a review of the record, we find that the defendant's issues are without merit, and the judgment of the trial court is, therefore, affirmed.

The proof offered by the State was given by three members of Cookeville's Lions Club and a work project coordinator for the Tennessee Department of Correction. The Lions Club members testified that the defendant had served as treasurer of the club from July 1, 1990, until June 30, 1991. At the end of the defendant's term of office, a financial report had been submitted, and it was determined that a three thousand dollar ($3000) expenditure to the White Cane Sight Conservation Project had never been made. Further investigation revealed that cancelled

checks totaling eight thousand five hundred dollars ($8500) made payable to the defendant had been endorsed and cashed by the defendant personally. A discrepancy in the amount of five hundred two dollars ($502) was found between the amount of dues collected from members and the amount of dues actually deposited by the defendant. Also, the full amount of funds collected from a horse show fundraiser had never been deposited. The total amount of Lions Club funds misappropriated by the defendant was nine thousand four hundred twenty seven dollars ($9427).

Mr. Willard Cummings, the incoming president of the club, upon discovery of these transfers and discrepancies, then wrote the defendant a letter dated August 6, 1991, demanding full restitution by August 9, 1991. Repayment was not forthcoming, and the board of directors of the club then voted to turn the evidence over to the district attorney.

In his first issue the defendant contends that the trial court erred in denying his motion for judgment of acquittal.

The duty of a trial judge and the reviewing court on the determination of a motion for a judgment of acquittal is the same as for a motion for a directed verdict. This duty is as follows:

> The rule for determining a motion for a directed verdict requires the trial judge and the reviewing court on appeal to look at all of the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, and to allow all reasonable inferences from it in its favor; to discard all countervailing evidence, and if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied.

*State v. Thompson*, 549 S.W.2d 943, 946 (Tenn.1977) (citing *Jones v. State*, 533 S.W.2d 326, 329 (Tenn.Crim.App.1975)); *State v. Stowe*, 634 S.W.2d 674, 675 (Tenn.Crim.App. 1982) (citing *Jones*, 533 S.W.2d 326, 329).

From a review of the record, it is clear that the evidence is sufficient to support the trial court's refusal to grant the judgment of acquittal. The evidence supports the jury finding that the defendant had committed theft of property in violation of T.C.A. § 39–14–103 by knowingly obtaining or exercising control over nine thousand four hundred twenty seven ($9427) of the Lions Club funds.

In his second issue the defendant contends that a demand for repayment of the goods is necessary before a conviction can be sustained under T.C.A. § 39–14–103. The defendant relies on a "this is how it ought to be" argument, citing no authority for this proposition.

We find that this issue is waived as the defendant has failed to cite authority to support his argument. Tennessee Court of Criminal Appeals Rule 10(b); *State v. Killebrew*, 760 S.W.2d 228, 231 (Tenn.Crim.App. 1988).

In the defendant's third issue he contends that the defendant was improperly convicted of a greater charge than that which was listed in the indictment. We respectfully disagree.

The indictment in issue charges that the defendant "did unlawfully and knowingly obtain or exercise control over property, to-wit: cash—approximately $9,418.00, over the value of $500.00 belonging to Cookeville Lions Club with intent to deprive the owner thereof and without the owner's effective consent, in violation of T.C.A. § 39–14–103 . . . ." The defendant contends that he can only be charged with theft of property over the value of five hundred dollars ($500) because the indictment form lists a five hundred dollar ($500) figure. We disagree.

Under T.C.A. § 39–14–103, a person commits theft of property "if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." A defendant convicted of theft of property is then sentenced according to the value of the property stolen as set forth in T.C.A. § 39–14–105, the graded punishment statute. Theft of property is a Class D felony if the value of the property obtained is one thousand dollars ($1000) or more but less

than ten thousand dollars ($10,000). T.C.A. § 39–14–105(3). Even if each grade of theft is a separate felony (or misdemeanor if the amount doesn't exceed five hundred dollars ($500)), requiring the indictment to set out the amount or grade charged, this indictment is sufficient.

In *State v. Moss,* 662 S.W.2d 590, 592 (Tenn.1984), the Tennessee Supreme Court approved the principles adopted by the Court in *United States v. Schoenhut,* 576 F.2d 1010 (3rd Cir.1978), paraphrasing as follows:

> Unless substantial rights of the defendant are affected by a variance, he has suffered no harm, and a variance does not prejudice the defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense; all other variances must be considered to be harmless error.

We conclude that the substantial rights of the defendant have not been affected by the variance between the allegations of the indictment and the jury verdict. The indictment clearly described the offense charged and the amount alleged to have been taken. This issue is without merit.

■ Lastly, the defendant contends that the trial court erred in refusing to grant a mistrial after a State's witness made improper and prejudicial remarks indicating that the defendant had a prior criminal record. The defendant cites the testimony of Donald Fossey, an employee of the Tennessee Department of Correction, in which Mr. Fossey stated that he did not usually interview applicants several times on a pretrial diversion application "unless a record comes up." Defendant's counsel immediately objected and moved for a mistrial. The trial court then gave a corrective instruction, informing the jury that the State and the defense had stipulated that the defendant had no prior criminal record and instructing the jury to disregard all of Mr. Fossey's testimony.

■ The prompt instruction of a trial judge to a jury directing them not to consider improper evidence generally cures any error unless such evidence is so far prejudicial that it is more probable than not that it affected the judgment. Rule 36(b) T.R.A.P.; *State v. Tyler,* 598 S.W.2d 798, 802 (Tenn. Crim.App.1980).

We find that it was more probable than not that the evidence had little or no effect on the jury's verdict. The trial court more than corrected the error by referring to the stipulation that the defendant had no prior record and instructing the jury to disregard all of the witness's testimony. This issue is also without merit.

Having considered all matters raised by the defendant and finding them to be without merit, we conclude that the conviction should be and is affirmed.

DWYER and TIPTON, JJ., concur.