IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION

FILED

June 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9704-CC-00150 |
| | ) | ANDERSON COUNTY |
| | ) | |
| Appellant, | ) | Hon. James B. Scott, Judge |
| | ) | |
| vs. | ) | (Auto Burglary & Theft) |
| | ) | No. 95CR0053 |
| GORDON SCOTT KATZ, | ) | |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Cordell Hull Building - 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243

JAMES N. RAMSEY
District Attorney General

JAN HICKS
Assistant District Attorney
127 Anderson County Courthouse
Clinton, TN 37716

FOR THE APPELLEE:

J. THOMAS MARSHALL, JR.
District Public Defender

NANCY MEYER
Assistant Public Defender
101 South Main Street
Suite 450
Clinton, TN 37716

OPINION FILED:_____

REVERSED

CORNELIA A. CLARK
Special Judge

OPINION

The State of Tennessee appeals from the action of the trial court granting defendant's motion for judgment of acquittal after a jury convicted the defendant of auto burglary and theft of property under $500.00. The judgment of the trial court is reversed.

The defendant, Gordon Scott Katz, and the victim, Alicia Miller, dated off and on for several years prior to September 1994. During the course of that stormy relationship defendant presented the victim with several gifts of jewelry. A pattern developed between the two that when they would argue, the defendant would request and the victim would return the items of jewelry. When the parties reconciled, defendant would return the items to the victim. On one prior occasion the defendant executed a receipt to the victim confirming her ownership of the items in question.

On September 2, 1994, the victim parked her car at the Oak Ridge Mall and reported to work as usual at the County Seat apparel store. She locked the car. Inside the car was a box containing gold bracelets and earrings. Later that day defendant came into the store where the victim worked and began an argument. He ultimately was required to leave the store. Because of that altercation, when the victim got off work she asked a security guard to accompany her to her car. She discovered the defendant curled up in the back of her car. When he climbed out, he had some gold jewelry in his hand. Defendant had used a coat hanger to gain entry to the car. However, the victim asked the security guard not to take any action, and the defendant was permitted to leave the area. He took some jewelry with him.

Later that night the defendant appeared at the victim's grandparents' home, where she resided. The police were summoned at that time and the defendant was arrested and charged with auto burglary and theft.

On December 1, 1995, parties and counsel submitted a plea agreement to the court. Under this agreement the defendant would have plead guilty to

2

criminal trespass. The theft charge would have been dismissed. An agreed sentence recommendation also was made. Because this agreement was

presented past the trial court's plea deadline, the judge declined to accept it. The State then attempted to enter a nolle prosequi, but the trial judge apparently declined to accept that action as well.

A jury trial was conducted December 5, 1995. At the close of the State's proof defendant moved for a judgment of acquittal. The trial court denied the motion subject to renewal at the close of the defense proof. The defendant elected not to put on proof. He rested and renewed his motion. The court took the motion under advisement until after the jury returned a verdict. The jury found the defendant guilty of both auto burglary and theft under a value of $500.00. Defendant then renewed his motion for judgment of acquittal.

The court conducted a hearing on this motion on July 19, 1996. On October 11, 1996, the court announced its ruling granting the motion for judgment of acquittal. The State appeals this decision as of right.

A motion for judgment of acquittal raises a question of law for the trial court's determination. State v. Hall, 656 S.W. 2d 60, 61 (Tenn. Crim. App.), perm. app. denied (Tenn. 1983). In resolving this question, the trial court's only concern is the legal sufficiency of the evidence. Id. The trial court is not permitted to weigh the evidence in reaching its determination. Id; see also State v. Adams, 916 S.W. 2d 471, 473 (Tenn. Crim. App. 1995). In determining whether the evidence is sufficient to sustain a conviction post-trial, the trial court must consider the evidence in the light most favorable to the State of Tennessee. State v. Thompson, 549 S.W. 2d 943, 946 (Tenn. 1977); State v. Stowe, 634 S.W. 2d 674, 675 (Tenn. Crim. App. 1982). The trial court must afford the State all reasonable and legitimate inferences that may be drawn from the evidence adduced in favor of the State's theory. Thompson, 549 S.W. 2d at 946; Stowe, 634 S.W. 2d at 675.

3

An appellate court must apply the same standard when resolving issues predicated upon the grant of a motion for judgment of acquittal. State v. Adams, 916 S.W. 2d 471, 473 (Tenn. Crim. App. 1995). If there is any dispute as to material determinative evidence or any doubt as to the conclusion to be

drawn from the evidence of the State, the motion for judgment of acquittal should be overruled. State v. Hall, 656 S.W. 2d 60, 61 (Tenn. Crim. App. 1983).

The indictment in this case charged the defendant with theft as follows:

## COUNT 2

Gordon Scott Katz heretofore, to wit, on or about the 2nd day of September, 1994 before the finding of this indictment, in the County aforesaid, did then and there unlawfully and knowingly obtain property, to wit: two bracelets and three pairs of earrings, valued at less than $500.00, of Alicia Miller, without her effective consent, with intent to deprive the said Alicia Miller thereof, in violation of TCA 39-14-103.

Before an accused can be convicted of theft under a value of $500.00 the State of Tennessee must prove beyond a reasonable doubt that (1) he knowingly obtained property owned by the victim, (2) he did not have the owner's effective consent, (3) he intended to deprive the owner of the property, and (4) the value of the property did not exceed $500.00. Reviewing the evidence in the light most favorable to the State, it is clear that the defendant knowingly entered the victim's automobile and took property belonging to her without her prior knowledge or effective consent. Certain of the jewelry items were never recovered, so the victim has permanently been deprived of them. While some dispute exists about the total value of the various pieces of jewelry, the state is not contending that defendant should be convicted of any higher grade of theft.

The indictment in this case charged the defendant with auto burglary as follows:

## COUNT 1

Gordon Scott Katz heretofore, to wit, on or about the 2nd day of September, 1994 before the finding of this indictment, in the County aforesaid, did then and there unlawfully enter the automobile of Alicia Miller, without her effective consent, with intent to commit a felony to wit: theft, all in violation of TCA 39-14-402.

4

Before this defendant can be convicted of auto burglary, the State of Tennessee must prove beyond a reasonable doubt that (1) he entered an automobile, (2) with" the intent to commit a felony, to wit: theft," (3) without the effective consent of the owner, and (4) that he acted either intentionally, knowingly, or recklessly. The primary issues as to this count turn on whether

(1) the victim was the "owner" of the vehicle, (2) the defendant had the victim's effective consent when he entered her car and took her property, and/or (3) he intended to commit a felony theft.

Defendant contends that a conviction for auto burglary cannot be sustained because the vehicle in question belonged not to the victim, Alicia Miller, but to her mother. The victim testified that although her mother was the title owner of the vehicle in question, she "used it all the time" with her mother's permission. She actually testified "It's my vehicle." Her mother agreed that her daughter used the car "pretty much all the time." Tenn. Code Ann. §39-14-401 (3) defines "owner" to mean a "person in lawful possession of property, whether the possession is actual or constructive." In this case Alicia Miller clearly falls within that definition of "owner". This issue is without merit.

Defendant next contends that the proof is insufficient that he committed the burglary with "intent to commit a felony, to wit: theft". He ultimately was charged only with the misdemeanor offense of theft under $500.00 and the evidence admitted at trial supported a valuation below $500.00. Criminal intent is a matter to be determined by the jury after a consideration of all the facts and circumstances. State v. Holland, 860 S.W. 2d 53, 59 (Tenn. Crim. App. 1993). The jury ultimately found that defendant committed a theft after entering the automobile. The only distinction between felony theft and misdemeanor theft is the value of the property taken. Here the jury apparently concluded that the defendant did enter the car for the purpose of committing a theft of property valued over $500.00. There were items and pieces of jewelry

5

available there in addition to the ones that were taken. The fact that the actual amount of property with which the defendant left may have been valued at less than $500.00 does not affect the jury's right to make this determination. Even if other reasonable inferences could be drawn from the surrounding facts and circumstances, this would not be a proper inquiry for this court. The adoption or exclusion of potential inferences based on the circumstantial evidence is a question within the jury's prerogative. State v. Boling, 840 S.W.

2d 944, 947 (Tenn. Crim. App. 1992). This issue is without merit.

Defendant also contends that he had the effective consent of the victim to enter her car and take her jewelry. Effective consent is "assent in fact, whether express or apparent . . . " This case represents one of those all-too-familiar fact scenarios where romantic entanglements overcome judgment. The evidence in this case turns mostly on the testimony of the alleged victim, Alicia Miller, and the original investigating police officer, Dan Freytag. Certain facts are undisputed. The defendant and victim had an encounter at the victim's place of employment several hours before the alleged burglary took place. A disagreement of some kind ensued, and the defendant was requested to leave the premises. Thereafter, without the prior knowledge or consent of the victim, he used a coat hanger to gain access to her vehicle, secreted himself in the vehicle, and took into his possession certain items of her jewelry that were in the vehicle. The victim was concerned enough about the prior incident that she asked a security guard to accompany her to her car when she finished work several hours later. When the victim and guard discovered the defendant in her car, the victim was concerned about his presence and the smell of alcohol that surrounded him, but she did not wish to press charges. At that time, however, she had not become aware of the use of the coat hanger or that he had taken the jewelry items with him when he left the car. Several hours later the defendant appeared at the victim's grandparents' home and another altercation ensued. While the victim testified that even at this point she did not seek the assistance of the police, nor want the defendant prosecuted, Officer Freytag testified unequivocally that the victim did want the victim arrested. He also testified that she called him

numerous times after that to inquire about the status of the case, and that she indicated each time her desire that he be prosecuted. The victim testified that she did not recall ever asking that the defendant be prosecuted. She acknowledged that she had dated the defendant again since the original events in question. As of the day of trial, she stated that she did not wish him to be convicted of any offense.

The jury had the right to accept Officer Freytag's testimony that it was the victim herself who initially requested that defendant be arrested, and that

she persisted in that desire for some period of time. He said she called him eight or ten times to check on the case, even asking to have the defendant arrested again. The proof of her lack of consent is sufficient to support the jury's conviction of both offenses in this case.

Defendant also contends that the absence of a transcript of the hearing on the motion for judgment of acquittal requires this court to presume that the ruling of the trial court was correct. It is the duty of the appellant to prepare a record which "conveys a fair, accurate, and complete account of what transpired in the trial court with the respect the issues which form the basis of his appeal." Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W. 2d 557, 560 (Tenn. 1993)(citation omitted). An appellate court is precluded from considering the merits of an issue where relevant material is absent from the record. Id. However, nothing that transpired in oral argument at the hearing on July 19 is determinative of the issues concerning sufficiency of the evidence presented at trial. Therefore, this defect is not fatal to the state's case.

The judgment of the trial court is reversed. This case is remanded for further proceedings in accordance with this opinion.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:

_____
JOHN H. PEAY
JUDGE

_____
PAUL G. SUMMERS
JUDGE

7

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MARCH 1998 SESSION**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9704-CC-00150 |
| | ) | ANDERSON COUNTY |
| | ) | |
| Appellant, | ) | Hon. James B. Scott, Judge |
| | ) | |
| vs. | ) | (Auto Burglary & Theft) |
| | ) | No. 95CR0053 |
| GORDON SCOTT KATZ, | ) | |
| | ) | |

Appellee.                    )



## JUDGMENT


_____Came the appellant, the State of Tennessee and also came the attorney on behalf of Gordon Scott Katz, and this case was heard on the record on appeal from the Criminal Court of Anderson County; and upon consideration thereof, this court is of the opinion that there is reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is REVERSED, and the case is remanded to the Criminal Court of Anderson County for further proceedings in accordance with this opinion.

Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge